## Miller *v.* Parks, Appellant.

*Judgment—Judgment notes—Payment—Statute of limitations—Unliquidated damages—Payment—Evidence.*

On an issue to determine what was due upon judgments which had been opened to let in the defendant to a defense, it is error to refuse to permit the defendant to show that at the time the notes were given which was more than six years before the trial, plaintiff had agreed to allow as a credit on the notes, if the defendant would sign them, what the plaintiff owed the defendant for coal and for pasturing plaintiff's cattle, and that the aggregate of such amounts was sufficient to pay the notes. In such a case the plaintiff cannot aver that defendant's claims were unliquidated inasmuch as the amounts of the set-offs could be made certain; nor can the plaintiff set up the statute of limitations inasmuch as the notes were paid as soon as they were executed, if defendant made good his offers.

Argued Oct. 26, 1910. Appeal, No. 110, Oct. T., 1910, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1908, Nos. 41 and 42, on verdict for plaintiff in case of J. M. Miller v. Henry Parks. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Issue to determine what was due upon two judgments. Before WOODS, P. J.

At the trial the defendant made the following offer:

Mr. Petriken: We propose to prove by the witness that at the time he put his name to the notes in suit, Mr. Miller, the payee in the notes, admitted that there were certain credits to go upon these notes and agreed with the defendant in the presence of Harry Taylor and Frank

334    MILLER *v.* PARKS, Appellant.

Statement of Facts—Opinion of the Court.    [47 Pa. Superior Ct.

Taylor, that if he signed the notes, he would then allow him credit for the amount of coal sold or paid for by Parks and the amount due Parks for pasturing the cattle on defendant's lands, and that these statements and promises of the plaintiff induced the defendant to sign the notes in suit.

Mr. Woods: What is your purpose?

Mr. Petriken: For the purpose of showing that the notes are paid, to be followed by proof that the credits that were to be allowed under the agreement of Miller, the plaintiff, are sufficient to liquidate the amounts of the note with interest.

Mr. Woods: It is objected to, that it is proposed to prove an offset against these two judgment notes, of an unliquidated account between the defendant and the plaintiff, J. Monroe Miller. That unliquidated account is now over six years old, and it has never been reduced to judgment and therefore it is barred by the statute of limitations and the evidence immaterial, irrelevant and inadmissible.

Verdict for plaintiff for $145. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*Harry W. Petrikin,* for appellant.

*James S. Woods,* with him, *W. H. Woods,* for appellee.

Opinion by Morrison, J., March 3, 1911:

The plaintiff held two judgment notes against the defendant, one dated March 28, 1903, and the other one dated March 30, 1903. He caused judgments to be entered on these notes in Huntingdon county, first at No. 41, December term, 1908, for $30.00, and second at No. 42, December term, 1908, for $115.79. The defendant alleging that these notes were fully paid before the entry of said judgments presented a petition to stay the writs of execu-

tion which had been issued thereon and to open the judgments. The counsel and the court seemed to have considered the cases together as one judgment and on rule granted and consideration, the court made the following order: "Now March 27, the rule is made absolute and the judgments upon which the executions are issued are opened, the judgment notes to stand as the plaintiff's narr. and the defendant to plead non assumpsit and payment." Issue by entering plea as directed.

At the trial the plaintiff's counsel put in evidence the notes in question and rested. The defendant's counsel then proved in substance that the defendant signed the notes in the presence of Harry Taylor and Frank Taylor and that the notes were signed on the days they bear date, to wit, March 28 and 30, 1903. That the smaller note was given for cattle that defendant bought at plaintiff's sale, and that the note of March 30, 1903, was given for a horse which defendant bought from plaintiff about two years before the giving of the note.

Question to defendant: "At the time these notes were signed did you have any account against Mr. Miller? A. Yes, sir. Q. Of what was that account made up and how much was it?" By plaintiff's counsel: "Make an offer." By defendant's counsel: "We propose to prove by the witness that at the time he put his name to the notes in suit, Mr. Miller, the payee in the notes, admitted that there were certain credits to go upon these notes and agreed with the defendant, in the presence of Harry Taylor and Frank Taylor, that if he signed the notes, he would then allow him the amount of coal sold or paid for by Parks, and the amount of pasture due to Parks for pasturing his cattle upon the lands of the defendant, and that these statements and promises of the plaintiff induced the defendant to sign the notes in suit." Plaintiff's counsel asked, "What is your purpose?" Defendant's counsel replied: "For the purpose of showing that the notes were paid, to be followed by proof that these credits that were to be allowed under the agreement with Miller, the plain-

tiff, are sufficient to liquidate the amount of the notes, with interest." Plaintiff's counsel: "It is objected to. That it is proposed to prove an offset against these two judgment notes of an unliquidated account between this defendant and the plaintiff, J. Monroe Miller. That unliquidated account is now over six years old and it has never been reduced to judgment, and therefore it is barred by the statute of limitation, and the evidence is immaterial, irrelevant and inadmissible. Second. That an unliquidated account cannot be offered in evidence as a set-off against a judgment. The accounts must be of the same status and of the same kind, and therefore this evidence is immaterial and inadmissible." "By the Court: We sustain the objection and seal a bill for the defendant." The court then directed a judgment in the first case in favor of the plaintiff for $30.00 to which was directed to be added five per cent attorney's commission, and for the plaintiff in the other case in the sum of $115 to which was directed to be added five per cent attorney's commission. The jury fee was subsequently paid and the judgments entered and the defendant appealed.

We do not see the relevancy of the statute of limitations set up against the defendant's offer to prove payment of the notes, nor do we see the force of the position taken by plaintiff's counsel that the defendant's claims were unliquidated. If the defendant's offer had been admitted and was sustained by sufficient competent evidence it established the fact that on March 28, or 30, 1903, the plaintiff unconditionally promised that if the defendant would sign the notes he would be allowed as a credit thereon the amount plaintiff then owed the defendant for coal sold or paid for by Parks, defendant, and the amount the plaintiff owed defendant for pasturing the former's cattle upon the lands of the latter. The offer also proposed to prove that these sums were sufficient to pay both notes. The promise mentioned in the offer recognized that the plaintiff owed Parks for things certain and well understood between them and although the amount was not mentioned,

yet it was sufficient to pay the notes and was to operate as a payment. We can see no force in the contention that the defendant's claims were unliquidated and that at the date of the trial a period of more than six years had elapsed since the giving of the notes and the alleged promise by the plaintiff. First: Because by the offer the claims of defendant were to be made certain, that is, the amount plaintiff owed defendant for coal and for pasturing plaintiff's cattle. Second: With the facts before the court on defendant's petition the judgments were opened and the defendant directed to plead non assumpsit and payment. Under the evidence the plea of non assumpsit was of no avail, but under the plea of payment the defendant proposed to prove that at the very dates of the giving of the notes the amount owed to him by the plaintiff was sufficient to pay both notes. If this had been sufficiently sustained by the testimony then the notes were in fact paid as soon as they were executed and delivered. There is no contention that defendant's claims against plaintiff were barred by the statute of limitations at that time. Therefore, we think the offer was in substance to prove that the notes were both in fact paid as soon as they were executed and delivered. It must be conceded that to sustain this averment the burden rested on the defendant to prove it by clear and satisfactory evidence. But the offer was made to prove that the agreement made by the plaintiff was, to apply the sum he then owed defendant on the notes as payment, in the presence of two witnesses. The record does not show that defendant offered to call these witnesses to corroborate himself, but we think that is to be inferred from the offer. However that may be, the defendant's testimony was competent in support of the offer, and it should have been admitted, and the question of the sufficiency of the evidence to carry the question of the payment of the notes to the jury should have been raised, if at all, later.

If the agreement of the plaintiff was as indicated by the offer, what had the statute of limitations to do with

it?  Suppose the offer had been to show that at the date of the notes the plaintiff owed defendant a like amount for goods sold and delivered, and plaintiff immediately after delivery of the notes promised defendant to consider the amount due him for said goods as payment of the notes. Surely the law would, if such promise were sustained by sufficient evidence, at once apply the payment and the notes would then be paid.  Now will it be contended, in the supposed case, that because the notes were under seal the plaintiff could hold them until more than six years after said promise and then collect them, because the defendant's account for the goods was barred by the statute of limitations?  Surely not.  The complete answer to plaintiff's claim to collect the notes would be that they were paid as soon as defendant gave them.  But it is urged that defendant's claim in this case was unliquidated and for that reason said claims could not be set off against plaintiff's judgments; that the defendant should have had them reduced to judgment and then set off judgment against judgment.  The answer to this is obvious, that defendant was offering to show payment of the notes.  If the notes were paid by defendant's claims against plaintiff, and the former's claims were paid by the notes, then how could the defendant reduce his claims to judgment?

It may be urged that the above argument is unsound because the amounts due defendant from plaintiff were not agreed upon at the time of the alleged promise.  But those amounts could be reduced to a certainty.  They were payment for coal plaintiff had from defendant and payment for pasturing plaintiff's cattle by defendant: "Id certum est, quod certum reddi potest."  The offer fully identified the debts which plaintiff owed defendant and promised to credit on the notes.  Suppose the offer had been to prove the payment of the notes, on the days they were given, by cash, would anyone contend that the statute of limitations had any bearing to shut out the defense?  Certainly not.

We do not rest this case on the ground that the defend-

ant's claims would not have been barred by the statute of limitations if he had brought suit to recover them in 1909. What we do hold is that the court below erred in refusing to permit the defendant to make the proof indicated by his offer.

The assignment of error is sustained, and the judgments are reversed with new venire.