In re James J. FLAGG, Debtor.

Marie T. FLAGG, Plaintiff,

v.

James J. FLAGG, Defendant.

Bankruptcy No. 80–01826G.
Adv. No. 81–0694G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 12, 1982.

---

Norman M. Rosengarten, Philadelphia, Pa., for plaintiff, Marie T. Flagg.

Bruce Fox, David L. Hill, Community Legal Services, Inc., Philadelphia, Pa., for debtor, James J. Flagg.

Samuel Brodsky, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the plaintiff (the wife of the debtor) is entitled to relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code ("the Code") to permit her to proceed with a divorce action commenced by her in a state court against her husband, the debtor. We conclude that, under the unique circumstances of this case, the plaintiff is entitled to such relief.

The facts of this adversary proceeding are briefly:[1] On July 31, 1980, James J. Flagg ("the debtor") filed a petition for relief under chapter 7 of the Code. On June 24, 1981, Marie T. Flagg ("the plaintiff") filed a complaint against the debtor for relief from the stay to permit her to continue with her divorce proceeding, commenced in 1976. The plaintiff asserted that she was entitled to such relief "for cause"

under § 362(d)(1) of the Code because the stay of judicial proceedings provided by § 362(a)(1)[2] was not intended to prevent the continuation of proceedings such as divorce and child custody actions which have no connection with the debtor's bankruptcy case. In support of that contention, the plaintiff cites the legislative history to § 362 which states, in relevant part:

> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. *Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed.* A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary, or involving post-petition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 52–53 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. (Emphasis added).

The debtor contends, however, that the continuation of the divorce proceeding will unduly interfere with his rights under the Code for two reasons. First, the debtor

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 362(a)(1) provides in part that a petition under the Code "operates as a stay, applicable to all entities, of—(1) the commencement

or continuation... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title...." 11 U.S.C. § 362(a)(1).

asserts that the divorce proceeding may deny him the exemptions which he claimed and to which he is entitled under the Code. The debtor has chosen his state exemptions under § 522(b)(2) which entitles him to exempt his interest in property held by him as a tenant by the entirety. Because a divorce would convert the debtor's interest from that of a tenant by the entirety to that of a tenant in common,[3] the debtor maintains that, to permit the divorce action to proceed, would deny him the exemptions he has chosen. We disagree. Section 522(b)(2) permits a debtor to exempt property which he held as a tenant by the entirety "immediately before the commencement of the case." 11 U.S.C. § 522(b)(2)(B). Therefore, the fact that the debtor's interest in that property changes after the commencement of the case to that of a tenant in common does not deprive the debtor of his exemption in that property.

■ The debtor's second contention, equally unavailing, is that, if the plaintiff obtains relief from the stay to permit her to proceed with the divorce proceeding, then the debtor will be precluded from contesting or otherwise participating in that proceeding. This is so, the debtor asserts, because there is an outstanding order in the divorce proceeding which prevents him from contesting that action because he failed to pay the $200.00 master's fee and $100.00 stenographer's costs for that action. The debtor maintains that, if we deny the plaintiff's request for relief from the stay, then when the debtor obtains his discharge, the above sums (having been listed as debts

in his schedules) will be discharged and the state court will thereafter be precluded from enforcing its order under § 525 of the Code.[4]

We differ with this ingenious contention because we conclude that the $300.00 is not a debt,—much less a dischargeable debt. As the Legislative History to § 101(11) states

> Debt is defined in paragraph (11) as a liability on a claim. The terms are coextensive: a creditor has a "claim" against the debtor; the debtor owes a debt to the creditor.

In the instant case the debtor has no "liability" to the master and the court reporter. Rather, the $300 represents the sum which the debtor was directed to deposit as *security* for the additional master's fees and additional stenographer's costs.[5] Those sums are thus not yet debts due to the master or stenographer as, apparently, they have not yet performed those services. As such, we conclude that the moneys to be deposited for the master and the court reporter are not debts and, hence, are not dischargeable.

■ For the above reasons, we conclude that the debtor has failed to establish how the continuation of the divorce proceedings in the state court will affect any of his rights under the Code or otherwise interfere with the administration of his bankruptcy case. Hence, we find no valid reason why we should not grant the plaintiff's request for relief from the stay to permit her to proceed with her divorce action against the debtor.

---

3. Pa.Stat.Ann. tit. 68, § 501 (Purdon).

4. Section 525 provides, in relevant part, that: a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against . . . a person that is or has been a debtor under this title . . . solely because such . . . debtor . . . has not paid a debt that is dischargeable in the case under this title . . . .
11 U.S.C. § 525.

5. The order of the state court provided:
AND NOW, this 29th day of June, 1979, it appearing that the above case is a contested

matter, IT IS HEREBY ORDERED AND DECLARED:
that JAMES J. FLAGG,
deposit with the Prothonotary, as security for the additional Master's fee the sum of $200.00 and the additional sum of $100.00 for the Court reporter's fee within 30 days otherwise the case shall be heard as an uncontested case.
Thereafter, upon request of the debtor, the state court issued a rule to show cause why the above order should not be vacated and the debtor permitted to proceed in forma pauperis. That has apparently not yet been determined because of the automatic stay of the state court proceeding.