**J. Keith ROGERS, Plaintiff and Respondent,**

v.

**Juanita Taft ROGERS, Defendant and Appellant.**

No. 17570.

Supreme Court of Utah.

Sept. 21, 1983.

Harold G. Christensen, Richard K. Crandall, Salt Lake City, for defendant and appellant.

M. Dayle Jeffs, Provo, for plaintiff and respondent.

DURHAM, Justice:

This case is an appeal from an order regarding property division following a decree of divorce. The appellant, Mrs. Rogers, who was the defendant in the divorce proceedings, seeks a reversal of the trial court's order. The facts are as follows. The parties were married in 1956 and have four children. Both parties contributed to the family's support. In particular, Mrs. Rogers taught school while Mr. Rogers obtained his college degree and graduate degrees, and she worked full- or part-time on other occasions as well. After Mrs. Rogers obtained a real estate license, the parties entered into an agreement to live on Mr. Rogers' salary and to invest Mrs. Rogers' earnings to build an estate for the family. A substantial amount of property

was acquired due to Mrs. Rogers' real estate dealings. Mr. Rogers filed for divorce on June 4, 1979. The trial court bifurcated the issues for trial, hearing first the matters pertaining to child custody and divorce. On July 5, 1980, the trial court entered Findings of Fact and Conclusions of Law and Decree of Divorce concerning these issues. Trial was continued from July 7 to July 10 and again on July 25 regarding alimony, child support, division of property and attorney fees. The trial court took these matters under advisement.

On August 4, 1980, Mrs. Rogers (hereafter "the appellant") filed for bankruptcy under the provisions of Chapter 11 of the Federal Bankruptcy Act. On the same date, the appellant, as general partner, also filed for bankruptcy in behalf of Central Park East, a Utah limited partnership. Central Park East was one of the significant properties involved in the property division dispute. After the bankruptcy filing, the Utah district court entered a memorandum decision regarding the property issues on October 9, 1980, and entered Findings of Fact and Conclusions of Law and Decree of Divorce on November 7, 1980. Because of their agreement to live on one salary and invest and accumulate an estate for the family with the other salary, the trial court found that the parties' assets had been accumulated by their joint efforts and were to be equitably divided. In addition to dividing household furniture, fixtures and personal items, the court awarded approximately one-third of the heavily encumbered real property to Mr. Rogers (hereafter "the respondent") and two-thirds, including Central Park East, to the appellant.

■ The appellant here argues that the district court was without jurisdiction to enter a decree of divorce dividing the marital property after she had filed for relief under the federal bankruptcy laws. The respondent asserts that the state court decree divided the property and that the bankruptcy proceedings do not reach the properties awarded to him by that decree. This issue involves interpretation of federal bankruptcy law, specifically 11 U.S.C.

§ 362, the automatic stay provisions, and 11 U.S.C. § 541, the provisions specifying the property to be included in the debtor's estate. The application of this law is the business of the federal courts. However, in this case we are called upon to determine the validity of an order entered by a state district court, clearly a determination appropriate for this Court. Notwithstanding the fact that the state district court had jurisdiction to make a property division between these parties, we hold that after the bankruptcy filing the district court's jurisdiction could not be exercised to affect the bankruptcy estate. The following factors require this decision.

■ First, we note that Congress granted very broad jurisdiction to the bankruptcy courts. Under 28 U.S.C. § 1471, federal district courts and bankruptcy courts were given concurrent jurisdiction over title 11 (bankruptcy) matters.

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of *all civil proceedings arising under title 11 or arising in or related to cases under title 11.*

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

28 U.S.C. § 1471 (emphasis added). In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court held that this sweeping jurisdictional grant to hear matters "arising in or related to cases under title 11" included the power to adjudicate private rights, a power reserved for Article III courts under the United States Constitution. Although the *Marathon* decision declared that the bankruptcy courts, as Article I courts, could

not exercise this broad power, the jurisdictional grant to hear "all civil proceedings ... arising in or related to cases under title 11" remains valid in the Article III federal district courts. The bankruptcy courts continue to operate pursuant to the Interim Rule proposed by the Judicial Conference of the United States and adopted with minor modifications by all federal courts by order of the eleven Judicial Councils of the Circuits. The Interim Rule became effective in Utah on December 25, 1982.

The bankruptcy power, and particularly the Article III power denied the bankruptcy judges, is alive, well, and residing in the United States District Court, which through its Interim Rule calls upon the existing bankruptcy structure to assist in its exercise. Such exercise is under the ultimate control and supervision of the United States District Court. The rule enacted by this court is concerned with methodology for accomplishing a district court duty. With all vestiges of mandated delegation removed, all civil proceedings arising under title 11 are district court matters. The bankruptcy court and staff are enlisted, through the rule, to assist the district court in resolving district court civil proceedings. The type of referral incorporated in the Interim Rule is not new. It is often and historically used with special masters, general masters, and magistrates. The administrative device to effectively carry out the district court duty and power is the judicial, elective order of reference. Such a device did yeoman service in the bankruptcy field from at least 1898 until 1978 and does yeoman service in other fields as well.

Through the Interim Rule the district court can take advantage of the existing judicial and administrative structure of the United States Bankruptcy Courts.

*Color Craft Press, Ltd. v. Nationwide Shopper System, Inc.,* 27 B.R. 962, 965–66 (D.C. Utah 1983). *See also White Motor Corp. v. Citibank,* 704 F.2d 254, 264 (6th Cir.1983). Thus, pursuant to the August 4, 1980, filing of bankruptcy by the appellant, the United States District Court for the District of Utah has jurisdiction over the appellant's bankruptcy proceedings and over *all related civil matters* as well. Under the Interim Rule the bankruptcy court may exercise this jurisdiction with certain limitations under the supervision of the district court.

█ Second, we examine the order of the state district court to see if it concerns a "related matter" which would fall under the jurisdiction of the federal court. The record shows that the order divides between the parties the very property the financial distress of which prompted the appellant to file for bankruptcy. Section 541 of Title 11, U.S.C., states that the commencement of a case creates an estate which "is comprised of all the following property, wherever located: ... *all legal or equitable interests* of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). Under Utah law, property divisions are ordered according to equitable principles, not merely according to legal title, so that all the property possessed by the parties, both jointly and separately, may be considered by the trial court. *See* U.C.A., 1953, § 30–3–5 (Supp.1981). Therefore, the "equitable interests of the debtor," prior to the entry of the trial court order, were *all* of the property interests held jointly or separately by the respondent and the appellant. These interests became the "estate" of the debtor under 11 U.S.C. § 541 and therefore were subject to the jurisdiction of the federal court.[1] Thus, the property addressed by the state court order and the property included in the appellant's

---

1. The respondent contends that § 541(a)(5) should be interpreted to mean that because the property division order was entered within 180 days of the bankruptcy filing, the order was effective to exclude from the debtor's estate the property awarded to the respondent. The respondent cites no authority to support this argument and we find it to be without merit.

The intention of the provision seems to be to *include* property in the estate, not exclude it. The respondent's interpretation would result in a preference for any party who could obtain a judgment within the 180-day period, a clear violation of the purpose of the automatic stay provision.

bankruptcy estate are one and the same. The property division is therefore a "related matter" which may properly fall within the jurisdiction of the federal bankruptcy proceedings. The comments of the Bankruptcy Court for the Western District of Louisiana regarding analogous circumstances are relevant to the case before us:

> Although the state proceedings concerning the divorce of the debtor and the custody of her child appear to have no connection or relation to the debtor's bankruptcy proceeding, the issue of the division of the community property is of vital concern. As stated earlier, this court has exclusive jurisdiction of all the debtor's property as of the commencement of the case. The Texas judgment dividing the property between the debtor and her spouse was not final and therefore was of no effect when the debtor filed her petition in this court. The actual extent of the debtor's estate may not be made clear until a proper appraisal has been made and submitted to this court. The ultimate interest of the estate in the community property will be determined by applicable state law. Therefore, the trustee must have an opportunity to determine the various rights and interests involved in order to proceed with the administration of the case. If the Texas proceedings were allowed to continue, the administration of the case in bankruptcy would be at a virtual standstill pending the final outcome of all possible appeals in the state court system.

*In re Pagitt,* 3 B.R. 588, 590 (Bkrtcy.W.D. La.1980).

■ However, the determination that the bankruptcy court may exercise jurisdiction over the disputed property is not dispositive of the issue. It is possible for the state and federal courts to have concurrent jurisdiction. We turn next to 11 U.S.C. § 362, which provides for an automatic stay applicable to all of the following:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate;
>
> (4) any act to create, perfect or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1)–(6). The purpose of the automatic stay is to protect the debtor from his creditors. *See, e.g., In re Flagg,* 17 B.R. 677, 678 (Bkrtcy.E.D.Pa.1982) (quoting legislative history to 11 U.S.C. § 362). Here the respondent, plaintiff in the divorce action, is like a creditor in that a division of the property, like a collection suit by a creditor, may seriously impair the debtor's ability to successfully reorganize under Chapter 11 and to fairly meet outstanding obligations to all creditors. It would be contrary to the Congressional policy expressed in § 362 to allow the respondent to remove property from the bankruptcy estate. Therefore, although the state district court adjudicated and ordered a division of property in all propriety according to Utah law, there is, in effect, no property available against which the trial court's judgment could be executed.

> Therefore, that judgment can only be enforced by appellant against the debtor if and when [the debtor] once again obtains such property back from the [bankruptcy] estate.
>
> Once the bankruptcy is filed, it is equally clear that a superior court [state

trial court] judgment does not affect the character or title of the property held in the debtor's estate. Section 1471(e) [28 U.S.C. § 1471(e)] provides that the bankruptcy court shall have exclusive jurisdiction of all the property, wherever located of the debtor, as of the commencement of the case. Unless and until the bankruptcy court deflects such jurisdiction to another court, the property of the estate will be unaffected by the superior court decree.

*In re Willard,* 15 B.R. 898, 900 (Bkrtcy. 9th Cir.1981) (footnote omitted).

We therefore hold that under the circumstances of the instant case, the order of the state district court is ineffective to divide the property of the appellant and respondent. The provisions of 11 U.S.C. § 541 and 11 U.S.C. § 362 operate to stay the respondent's action in the trial court until such time that property is made available for division because it is excluded from the bankruptcy estate by the federal court or because the bankruptcy case is closed.[2] The trial court may then proceed to take evidence regarding the parties' existing assets and make an equitable division.

This matter is remanded to the district court with instructions as noted above. No costs awarded.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.

---

**2.** *See In re Adams,* 12 B.R. 540 (D.C.Utah 1981) (discussing what property is available to an ex-spouse of the debtor for state court collection of a debt for support under the exception of 11 U.S.C. § 362(b)(2) and suggesting the bankruptcy court as an alternative forum for the ex-spouse's claim).