## Virginia National Bank Mortgage Corp. v. Ruzowicz

*Stuart Burd,* for plaintiff.
*Mark Kaufman,* for defendants.

LABRUM, *J.,* September 22, 1983 — This matter came before the court on defendants petition to open and/or strike a judgment in mortgage foreclosure. The court denied defendants petition and they appealed the matter to the Superior Court.

On October 25, 1974, defendants Joseph J. Ruzowicz and Patricia J. Ruzowicz, husband and wife, executed and delivered a mortgage and mortgage note upon premises located at 422 W. Twenty-First Street, Chester, Delaware County, Pa. to Bogley, Harting, Mahoney and Lebling, Inc. The said mortgage was subsequently assigned to the Virginia National Bank Mortgage Corporation by instrument dated May 25, 1978.

On July 14, 1981, plaintiff sent a notice of default and notice of intention to foreclose to defendants at their last known address and to the address of the mortgaged property. Plaintiff filed a complaint in mortgage foreclosure in December of 1981, alleging non-payment of the monthly payments due on April 1, 1981, and on the first day of each successive month. A default judgment was entered against defendants on May 21, 1982, due to their failure to file a timely responsive pleading to plaintiff's complaint.

A sheriff's sale of the subject premises was scheduled for July 16, 1982. On or about July 14, 1982, defendants filed a voluntary debtors joint petition under Chapter 13 of Title 11, United States Code. Defendants subsequently brought this present action to strike and/or open the default judgment.

Petitioners seek to open the judgment by alleging that they acted diligently in filing the petition, that their delay in responding to the complaint was excusable and that they have a meritorious defense to the Action. They also assert that this court lacked jurisdiction to enter a default judgment because of the alleged defective service of the complaint.

Our initial concern is the propriety of petitioners bringing this present action after having filed for reorganization under the Bankruptcy Code. The filing of a bankruptcy petition operates an automatic stay of all proceedings against the debtor. 11 U.S.C. §362. The effect of this section is to also insure creditor protection, as its purpose is to freeze the debtor's financial relationships and condition at the time the petition was filed. In re Jones, 20 B.R. 988 (B.C. Pa. 1982).

Petitioners have relied on the automatic stay provision in order to prevent the sheriff's sale sched-

uled in execution on the default judgment. Since all of the debtor's property is now under the exclusive jurisdiction of the Federal Courts and the Trustee in Bankruptcy, we doubt whether such a petition as is presented before this court can be entertained by any state court in light of the Federal stay Order. There is no evidence on this record that petitioners have applied to the bankruptcy court for relief from the automatic stay in order to proceed with any State action regarding their property. In re Flagg, 17 B. R. 677 (B.C. Pa. 1982).

In the event that it is determined that this court was able to proceed with a determination of the petition to open and/or strike the judgment on its merits, then it is the opinion of this court that petitioners must fail in their request.

The grant or denial of a petition to open a judgment is a matter within the sound discretion of the trial court and will not be reversed in absence of a manifest abuse of that discretion. Pennys v. Richard Kastner Co., Inc., 297 Pa. Super. 167, 443 A.d 353 (1982).

A rule to strike off a judgment is in the nature of a demurrer directed to defect in the record, and if the record is self-sustaining, the judgment can not be stricken. Malakuff v. Zambar, Inc., 446 Pa. 503, 288 A.2d 819 (1972). There appears to be no defect on the face of the record in question, and therefore, the petition to strike the judgment in this matter is improper.

Service of a complaint in an action in mortgage foreclosure is governed by Pa.R.C.P. 1145, which provides:

(a) "The Complaint shall be served by the Sheriff upon the Defendant . . . .

(c) "If service can not be made under Subdivision (a) (b) of this Rule, and the Plaintiff sets forth in his Complaint or files an Affidavit that a Defendant is the deceased or his whereabouts are unknown, or that he resides outside the Commonwealth, Sheriff shall forthwith

(1) make service on the Defendant by posting a copy of the Complaint on the most public part of the land, and

(2) send him, if not known to be deceased, a copy of the Complaint by registered mail to his last known address."

The attorney for plaintiff in this matter filed a affidavit pursuant to Pa. R.C.P. 1145(c) which stated "that the Sheriff of Delaware County filed a return of Not Found . . ., that the present whereabouts of the Defendants are unknown, and that their last known address is 1020 Church Street, Upland, Pennsylvania 19015."

The sheriff served defendants in this case under the 1145(c) (1) by posting a copy of the complaint on the premises. It is the act of the posting which constitutes service and gives the court jurisdiction. The further requirement of sending a copy by certified mail was also complied with by plaintiff.

Although petitioners are not entitled to the striking of the judgment, they also requested the court, in the alternative, to open the judgment. A petition to strike judgment is directed to a defect on the face of the judgment, while a petition to open is addressed to the equitable discretionary powers of the court. Johnson v. Moore Motors Inc., 285 Pa. Super. 237, 427 A.2d 200 (1981). In order for a court to exercise its discretion and open a default judgment, three requirements must be shown: (1) The Petition to open the Default Judgment must be filed

promptly; (2) Failure to appear and file a timely answer must be reasonably explained or excused and; (3) A defense on the merits must be shown to exist. Jenkins v. Blanchford, 219 Pa. Super. 95, 443 A.2d 316 (1982); Keystone Boiler Works, Inc., v. Combustion Energy Corp., 294 Pa. Super. 145, 429 A.2d 792 (1982).

In this matter the petition to open the judgment was filed almost two and one/half months after the default was taken. Although all legal service notices were sent to the last known address of defendant and received by a cousin of theirs, they did not satisfactorily explain their failure to timely answer and respond to their various legal notices.

In reviewing the answer to the complaint attached to the petition to open judgment, defendants alleged meritorious defense that plaintiff failed to follow Veterans Administration servicing requirements for a federally insured mortgage by refusing to accept partial payments. The guidelines set forth in the V. A. Lenders handbook are based on regulations published in 38 C. F. R. 36. 4314-4318. The regulations give a loan holder broad discretion regarding the exceptability of partial payments. Additionally, in the alternative, if the debtor fails to honor his obligation under the loan for a period of three months, the holder may proceed to give a notice of intention to foreclose 38. C. F. R. 36.4316 (a). Finally, we have been unable to find any Pennsylvania Appellate cases which would provide guidance on this issue, meritorious defense.

We must again emphasize that we feel this matter could not be acted on because of the pending bankruptcy proceedings. It is for that main reason, in addition to our discussion of the merits of this case, that the petition to open and/or strike the judgment was denied and dismissed.