**John RAKER, Appellant,**

v.

**PA. DEPT. OF CORRECTIONS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2004.
Decided March 16, 2004.

Arnold Laikin, Philadelphia, for appellant.

Howard G. Hopkirk, Harrisburg, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

John Raker (Raker) appeals an order of the Court of Common Pleas of Northumberland County (trial court) granting a Motion for Summary Judgment filed by the Department of Corrections (Department) because his slip-and-fall claim did not fall within any of the exceptions to sovereign immunity.[1]

Raker was an inmate at the State Correction Institution at Coal Township (SCI–Coal Township). On August 16, 1996, after completing his tasks as a food service worker, Raker slipped and fell on a wet floor in the dining hall. As a result of the fall, Raker broke his hip in five places. Raker filed a complaint against the Department alleging that the portion of the dining room in question was slippery and negligently maintained in a dangerous condition by the Department. Regarding damages, Raker alleged that his injury

---

1. Generally, the Commonwealth of Pennsylvania enjoys immunity from suit as follows: Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.
1 Pa.C.S. § 2310. *See also* 42 Pa.C.S. § 8521.

required the surgical placement of a plate and screw in his leg, resulted in indefinite mental and physical pain, compelled him to spend various sums of money for medical care, and prevented him from working at the prison or from working once he has been released from prison.

The Department filed an answer to the complaint alleging, among other things,[2] that the Department was immune from suit because the incident did not fall within the "real estate" exception[3] to immunity since the water on the floor did not derive from, originate from, or have as its source the Commonwealth realty. After some procedural disputes not relevant to the question on appeal, the Department filed a Motion for Summary Judgment. Reasoning that the cause of Raker's injury was not a defect of the real estate itself and did not fall within that exception to sovereign immunity, the trial court agreed with the Department and granted the Motion for Summary Judgment.[4] Raker appeals.[5]

 Raker argues that a genuine issue of material fact existed to preclude the trial court from granting the Motion for Summary Judgment because the floor at SCI–Coal Township was improperly designed and maintained by the Department. Particularly, Raker contends that immunity does not apply[6] because the materials

---

2. The Department also alleged that it had no notice of the slippery conditions; that Raker was contributorily negligent; and that the Department was not the proximate cause of Raker's injury.

3. Specifically, Section 8544(b)(4) of the Sovereign Immunity Act provides as follows:

 (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

 * * *

 (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate[.] 42 Pa.C.S. § 8522(b)(4).

4. Summary judgment is properly granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035.2. The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Schnupp v. Port Authority of Allegheny County*, 710 A.2d 1235 (Pa. Cmwlth.1998). Parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions, or affidavits that there is a genuine issue for trial. *Sovich v. Shaughnessy*, 705 A.2d 942 (Pa.Cmwlth. 1998).

5. Our scope of review of a trial court's order granting summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Irish v. Lehigh County Housing Authority*, 751 A.2d 1201 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 567 Pa. 732, 786 A.2d 991 (2001).

6. A commonwealth party is immune from suit unless: (1) the alleged act of the commonwealth party is a negligent act for which damages would be recoverable under the common law or by statute, 42 Pa.C.S. § 8522(a); and (2) the act of the commonwealth party falls within one of the exceptions listed in 42 Pa.C.S. § 8522(b). *Brown v. Blaine*, 833 A.2d 1166 (Pa.Cmwlth.2003). To recover, Raker must show that he ordinarily could recover under a common law tort theory from a private party and that the real estate exception to immunity applies.

 While the trial court did not address the issue of Raker's ability to recover under the common law, the Department also contends that the trial court properly granted the Department's Motion for Summary Judgment because it (the Department) had no notice of the water on the floor and, thus, could not be held liable under common law negligence. *See* RESTATEMENT (SECOND) TORTS § 342 (adopted as Pennsylvania law by the Pennsylvania Supreme Court in *Sharp v. Luksa*, 440 Pa. 125, 269 A.2d 659 (1970)). Because of the way we resolve this appeal, we need not address that issue.

used to design and construct the floor, coupled with the wax used to maintain the floor, created an inherently slippery floor that was derived from, originated from, and had as its source the realty of the Commonwealth.

The test for determining whether the real estate exception applies to remove sovereign immunity is as follows:

> [A] claim for damages for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition derived, originated or had as its source the Commonwealth realty itself, if it is to fall within the Sovereign Immunity Act's real estate exception.... In other words, assuming all other requirements of the statutory exception at 42 Pa.C.S. § 8522(b)(4) are met, the Commonwealth may not raise the defense of sovereign immunity when a plaintiff alleges, for example, that a substance or an object on Commonwealth realty was the result of a defect in the property or in its construction, maintenance, repair or design.

*Jones v. Southeastern Pennsylvania Transportation Authority,* 565 Pa. 211, 225, 772 A.2d 435, 443–444 (2001) (internal citations, alterations, and quotation marks omitted). For an injury to be caused by a "dangerous condition of the real estate" and fall within the real estate exception, the actual defect or flaw in the real estate itself must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless such substances are there because of a design or construction defect. *Hill v. Dragovich,* 679 A.2d 1382 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 557 Pa. 656, 734 A.2d 863 (1999).

Raker's injuries were caused by slipping on a wet, waxed floor, and nothing indicates that the floor of SCI–Coal Township was constructed defectively or that the substances that caused his fall—either water or wax—derived, originated, or had as its source the floor of SCI–Coal Township itself. Because a wet or waxed floor is not the type of "dangerous condition" that falls within the real estate exception to sovereign immunity, the trial court properly granted the Department's Motion for Summary Judgment.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 6th day of March, 2004, the order of the Court of Common Pleas of Northumberland County, dated July 28, 2003, at No. CV–97–143, is affirmed.