IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Taft and Margaret Taft, h/w, : 
                     Appellants : 
                                     : 
                v.                       : 
                                     : 
Sandra Kuby, Good Realty Co., : 
Steven T. Klovsky and Bruce M. : 
Klovsky as Trustees of the Sidney : 
B. Klovsky Family Trust, Edwin R. : 
Goldenberg and Edward C. Goodstein : 
as Trustees of the Sidney J. : 
Goodstein Trust, Best Construction, : 
Inc., Commonwealth of Pennsylvania : 
Liquor Control Board and SC Bradley :   No. 1947 C.D. 2013
Landscaping, Inc. :   Argued: June 20, 2014

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: July 18, 2014

      David A. Taft (Mr. Taft) and Margaret Taft (collectively Appellants) appeal from the Delaware County Common Pleas Court's (trial court) June 3, 2013 order granting the Pennsylvania Liquor Control Board's (PLCB) summary judgment motion. There are three issues for this Court's review: (1) whether the trial court erred when it granted the PLCB's summary judgment motion because genuine issues of material fact remained at issue; (2) whether the trial court erred when it granted the PLCB's summary judgment motion because the PLCB had a duty to maintain the exterior or the sidewalk or parking lot outside of its liquor store located at 209 West Lancaster Avenue, Wayne, Pennsylvania (Store); and (3) whether Mr. Taft's personal

injury action against the PLCB was barred by what is commonly known as the Sovereign Immunity Act.[1] We affirm.

On February 16, 2010, Mr. Taft slipped and fell on an icy patch outside the Store from which he sustained injuries. Thereafter, Appellants instituted suit against the PLCB. The suit also named as defendants the property owners Steven T. Klovsky and Bruce M. Klovsky, as trustees of the Sidney B. Klovsky Family Trust, Edward C. Goodstein, as trustee of the Sidney J. Goodstein trust, and Edwin R. Goldenberg and Good Realty Co. (Good Realty), agent under a property management agreement for the property owners (collectively, Good Defendants).[2]

The Store is located in a "strip shopping center" which is owned/managed by the Good Defendants. Reproduced Record (R.R.) at 4a. The PLCB has a lease with the Good Defendants (Lease) which describes the leased premises as the "[f]irst floor storeroom consisting of 6,032 square feet in building situate 209 West Lancaster Avenue, Radnor Township, Wayne, Pennsylvania 19087, for use by the [PLCB] as a Wine & Spirits outlet." Supplemental Reproduced Record (S.R.R.) at 2b. The Lease also states that the Good Defendants, as lessor (Lessor), are responsible:

> To make at [Lessor's] expense all interior and exterior repairs, and to keep and maintain the premises in a tenantable condition including all the plumbing, drainage, heating equipment, and electric wiring during the term of this lease . . . and to assume liability for all damages resulting from failure to maintain the premises in a tenantable condition. . . .

*Id*. Pursuant to the Lease, Lessor is to "[m]aintain sidewalk & curb in front of the premises in good condition[,]" and with regard to the parking area, "maintenance,

---

[1] 42 Pa.C.S. §§ 8521-8528.

[2] Sandra Kuby and the Glenmede Trust Co., co-executors of the Estate of Benjamin Kuby, were also named as defendants, but they have not been involved in the litigation, apparently because they were not served.

2

including snow removal, and illumination of the parking space provided is the sole responsibility of the Lessor." *Id*. at 3b. However, the Lease also specifies:

> In case of the LESSOR's failure to maintain the premises in a tenantable condition as aforesaid . . . then, should the LESSOR fail to have repaired and restored the premises to a tenantable condition within one month after notice of such condition by LESSEE to LESSOR, the LESSEE may at its option . . . after first giving LESSOR fifteen (15) days written notice, repair and restore premises to a tenantable condition, and deduct such costs made in restoration of premises from the monthly rental payments due. . . .

*Id*. at 2b.

Appellants allege in their complaint that Mr. Taft was injured as a result of all defendants' negligence in maintaining the leased premises, specifically:

> a broken, malfunctioning, worn, decayed, leaking and/or otherwise non-functional section of roof gutter above the entrance way to the [Store] directed water from the roof . . . through a leak in the roof gutter seam, causing a puddle to form before [the] entrance, which froze into an artificial accumulation of black ice in front of the entrance . . . .

R.R. at 5a, ¶10.

Discovery was undertaken, and on or about April 19, 2013, the PLCB filed a summary judgment motion alleging that Appellants' complaint failed to set forth a common law cause of action in negligence against the PLCB, and did not demonstrate that the claim fell within an exception to sovereign immunity. On June 3, 2013, upon consideration of the PLCB's motion, Appellants' response thereto, and after oral argument, the trial court granted the PLCB's summary judgment motion. The trial court determined that there were no genuine issues of material fact because it was undisputed that the incident occurred outside the Store, the PLCB did not own the shopping center, and the Lease provided that Lessor, not the PLCB, was responsible for maintaining the exterior of the shopping center. The trial court ruled

3

that because the PLCB had no duty to maintain the Store exterior, no common law cause of action could exist. The trial court also found that Appellants had not demonstrated a waiver of sovereign immunity. Accordingly, it granted the PLCB's summary judgment motion. Appellants appealed to this Court.[3]

Appellants first argue that the trial court erred when it granted summary judgment because genuine issues of material fact remain. Specifically, Appellants contend that: (1) the Lease is vague, and thus, responsibility for removal of snow and ice is unclear; (2) the nature of repairs, if any, made to the leaky rain gutter must be explored since the lease allows the PLCB to make necessary repairs when the landlord refuses to do so; and, (3) inconsistent testimony exists regarding the exact location of Mr. Taft's fall, what actions PLCB employees took to address the icy sidewalk and the length of time the gutter had been leaking. We disagree.

Our Supreme Court has stated: "It is well-settled that the Commonwealth of Pennsylvania is protected from civil suit under sovereign immunity, except where the General Assembly has specifically provided for a waiver of immunity." *Mullin v. Dep't of Transp.*, 870 A.2d 773, 779 (Pa. 2005). "Because

---

[3] The Pennsylvania Supreme Court has explained that:

> An order of a trial court granting summary judgment may be disturbed by an appellate court only if the court committed an error of law, thus, our standard of review is *de novo*, and our scope of review is plenary. The entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action. The moving party's right to summary judgment must be clear and free from doubt. We examine the record, which consists of all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.

*LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (citations omitted).

of the clear intent to insulate the government from liability, the exceptions to sovereign immunity are to be strictly construed." *Id.* This Court has explained:

> In order to recover damages under the real estate exception [to sovereign immunity, 42 Pa.C.S. § 8522 (b)(4)], the plaintiff must show not only that there was a dangerous condition of the Commonwealth's real estate, but **also that the damages would be recoverable under the common law or by statute**, had the injury been caused by a person not having available the defense of sovereign immunity. . . . [I]n order to prevail in a negligence action under common law, the **plaintiff must establish that: (1) the defendant owed a duty of care to the plaintiff**; (2) that duty was breached; (3) the breach resulted in the plaintiff's injury; and (4) the plaintiff suffered an actual loss or damages.

*Brown v. Commonwealth*, 11 A.3d 1054, 1056 (Pa. Cmwlth. 2011) (emphasis added).

With regard to a duty owed by shopping center tenants to patrons in locations outside the tenants' leased areas, our Supreme Court has stated:

> In Pennsylvania, it has long been established as a principle of landlord-tenant law that where the owner of real estate leases various parts thereof to several tenants, but retains possession and control of the common passage-ways and aisles which are to be used by business invitees of the various tenants, the obligation of keeping the common aisles safe for the business invitees is imposed upon the landlord and not upon the tenants, in the absence of a contrary provision in the lease or leases[.]
>
> However, since shopping centers are a comparatively recent commercial development, with facilities of a character substantially different than those known heretofore, the question arises as to whether or not such complexes are not somehow different and call for something more than the application of the venerable principles of landlord-tenant law. **We conclude not.**

*Leary v. Lawrence Sales Corp.*, 275 A.2d 32, 34 (Pa. 1971) (citations omitted; emphasis added). Thus, the Supreme Court confined a tenant's responsibility to the area occupied under the lease. *Id.*

5

Despite Appellants' contention that the Lease is vague as to who is responsible for snow and ice removal, such is not the case. A review of the Lease clearly reveals that there are no such "contrary provisions" requiring the PLCB to maintain the areas outside of the leased premises, and thus, "the obligation of keeping the common aisles safe for the business invitees is imposed upon" the Good Defendants.[4] *Id.* at 34. Importantly, the Lease describes the leased premises as the "[f]irst floor storeroom consisting of 6,032 square feet . . . ." S.R.R. at 2b. It also explicitly states that it is Lessor's responsibility to provide for both interior and exterior maintenance to ensure that the premises remain in a tenantable condition. *See id.* Further, in deposition testimony, David Gratz, Good Realty's principal, admitted that Good Realty's contractor, S.C. Bradley Landscaping and Tree Service, LLC, was responsible for snow and ice removal. *See* R.R. at 369a.

Although Appellants assert that "[t]here was inconsistent deposition testimony regarding the exact location of [Mr.] Taft's fall, and, therefore, the source of the ice which caused the fall[,]" it is undisputed that the fall occurred outside of the Store. Appellants' Br. at 11. Based upon *Leary* and the Lease, we must conclude that the PLCB did not have a duty to keep the area outside of the leased premises safe for its business invitees. Rather, that responsibility laid with the Good Defendants.

---

[4] Appellants argue that because the Lease permits the PLCB to make repairs if Lessor fails to maintain the premises in a tenantable condition, the Lease imposes a duty upon the PLCB. We disagree. The lease, which defines the premises as "[f]irst floor storeroom consisting of 6,032 square feet in building situate 209 West Lancaster Avenue," merely authorizes the PLCB to make repairs to the **premises** (at the Landlord's expense) if, after providing notice to the landlord and giving the landlord time to cure, repairs are not made. S.R.R. at 2b. We do not interpret the provision to impose a duty on the PLCB, nor do we find that the provision converts areas outside of the express leased property description into Commonwealth agency real estate as described in the real estate exception to sovereign immunity.

In response to Appellants' contention that questions remain regarding actions taken by the PLCB's employees to remedy the icy sidewalk,[5] such questions are only material if the PLCB had a duty to maintain the leased premise's exterior areas. As discussed above, the PLCB had no such duty. To the extent it may be asserted that the PLCB assumed the duty to maintain the sidewalk, that argument is unavailing. Section 323 of the Restatement (Second) of Torts, which has been adopted by the Pennsylvania Supreme Court, provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Our Supreme Court has held that Section 323 of the Restatement (Second) of Torts cannot "be invoked to create a duty where one does not exist." *Morena v. S. Hills Health Sys.*, 462 A.2d 680, 684 (Pa. 1983). Consistent with Section 323 of the Restatement (Second) of Torts, our Superior Court has held that one who voluntarily salts and sands an icy area where no duty exists does not create a duty absent evidence that the actor's activities increased the hazards of ice or that an injured party relied upon those remedial actions. *See Morin v. Traveler's Rest. Motel, Inc.*, 704 A.2d 1085 (Pa. Super. 1997). Appellants did not allege that actions the PLCB's employees undertook to remedy the icy sidewalk **increased** the risk of Mr.

---

[5] In deposition testimony, PLCB employees admitted to periodically removing ice and snow from the area around the entrance to the Store, using items including calcium chloride, an icebreaker and a shovel.

Taft's injury, or that Mr. Taft relied upon knowledge of the current or occasional prior instances of remediation by PLCB employees. Thus, even to the extent a duty could theoretically be imposed upon the PLCB under Section 323 of the Restatement (Second) of Torts for the care of the area outside the Store, there are no allegations to support such imposition.[6]

Accordingly, the trial court properly found that there were no genuine issues of material fact to be determined, that the PLCB did not have a duty to maintain the exterior of the premises, and granted the PLCB's summary judgment motion.

---

[6] Having concluded that the PLCB owed Appellants no duty, we need not decide whether Appellants' claims fall within an exception to sovereign immunity. Notwithstanding, even if we had found that the PLCB had a duty to remove the ice from the sidewalk area in front of the Store, Appellants' claims do not fall within the only arguably applicable exception – the real estate exception. This Court has explained:

> It is a general principle that, because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity must be strictly construed. In applying the real estate exception to immunity, our courts have held that it is not enough to assert a dangerous condition; **the dangerous condition must derive from, originate from or have as its source the Commonwealth realty.**

*Cowell v. Dep't of Transp.*, 883 A.2d 705, 709 (Pa. Cmwlth. 2005) (citations omitted; emphasis added). "**[S]ubstances such as ice, snow, or debris on the real estate do not qualify 'unless those substances are there because of a design or construction defect.'**" *Nardella v. Se. Pa. Transp. Auth.*, 34 A.3d 300, 305 (Pa. Cmwlth. 2011) (emphasis added) (quoting *Raker v. Dep't of Corr.*, 844 A.2d 659, 662 (Pa. Cmwlth. 2004)).

Appellants contend that the ice on the sidewalk was, as described in *Cowell*, "there because of a . . . construction defect" - a faulty gutter which caused a water leak and permitted water to collect and freeze. *Id*. As previously discussed, *supra*, the area occupied under the Lease did not include the shopping center sidewalk, roof, gutter or any portion of the exterior of the premises. The Lease explicitly imposed responsibility for exterior repairs on Lessor. Neither the shopping center roof gutter nor the sidewalk are "Commonwealth realty" as referenced in *Cowell* and thus the real estate exception to sovereign immunity does not apply.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Taft and Margaret Taft, h/w, :
                Appellants :
 :
          v. :
 :
Sandra Kuby, Good Realty Co., :
Steven T. Klovsky and Bruce M. :
Klovsky as Trustees of the Sidney :
B. Klovsky Family Trust, Edwin R. :
Goldenberg and Edward C. Goodstein :
as Trustees of the Sidney J. :
Goodstein Trust, Best Construction, :
Inc., Commonwealth of Pennsylvania :
Liquor Control Board and SC Bradley : No. 1947 C.D. 2013
Landscaping, Inc. :

# O R D E R

AND NOW, this 18th day of July, 2014, the Delaware County Common Pleas Court's June 3, 2013 order is affirmed.

_____
ANNE E. COVEY, Judge