IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ricky Tejada, | : | |
| Appellant | : | |
| | : | No. 14 C.D. 2015 |
| v. | : | |
| | : | Submitted: August 14, 2015 |
| Jon D. Fisher, Superintendent | : | |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  November 3, 2015

Ricky Tejada appeals, *pro se*, from the October 28, 2014 order of the Court of Common Pleas of Huntingdon County (trial court), granting the motion for judgment on the pleadings filed by John D. Fisher, Superintendent of S.C.I. Smithfield, and dismissing Tejada's complaint.  After review of the pleadings, the trial court opinion, and the arguments raised on appeal, we affirm.

On July 28, 2014, Tejada, a prisoner at S.C.I. Smithfield, filed a pre-complaint request for written interrogatories, requests for admissions, an application to proceed *in forma pauperis*, and a civil action complaint.  (Supplemental Record (S.R.) at 3b.)  In his complaint, Tejada averred that on February 3, 2014, he slipped and fell on snow and/or ice in the exercise yard at S.C.I. Smithfield, sustaining muscle spasms and back pain.  Tejada alleged that Superintendent Fisher had a duty to ensure that the exercise yard was clear of snow and/or ice and breached this duty

by failing to physically remove or use salt to melt the snow and/or ice. Tejada asserted counts for negligence, "dangerous condition to Commonwealth real estate," and "personal injury." Tejada also contended that his claims fell within the real estate exception to sovereign immunity at section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. §8522(b)(4).[1] (S.R. at 6b-9b.)

On August 15, 2014, the trial court granted Tejada's application to proceed *in forma pauperis*. On August 27, 2014, the sheriff served the complaint on Superintendent Fisher, but not on the Office of Attorney General as required by Pa.R.C.P. No. 422(a).[2]

On September 5, 2014, Tejada filed a motion for leave to amend the complaint. On September 29, 2014, Superintendent Fisher filed an answer to the complaint and new matter, which contained a notice to plead, a verification, and a certificate of service. (S.R. at 3b.)

On October 27, 2014, Tejada filed an amended complaint, without permission by the trial court, *see* Pa.R.C.P. No. 1033, and also preliminary objections to Superintendent Fisher's answer, seeking to strike it for a variety of reasons. (S.R. at 3b.) Also on October 27, 2014, Superintendent Fisher filed a motion for judgment

---

[1] This provision waives sovereign immunity for injuries caused by "[a] dangerous condition of Commonwealth agency real estate. . . ." 42 Pa.C.S. §8522(b)(4).

[2] It is unclear why the Attorney General was not served with the complaint. Under Pennsylvania law, a plaintiff's failure to serve a copy of the complaint on the Attorney General renders the plaintiff's service defective and deprives the trial court of jurisdiction over the state officials. *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009). Although compliance with the service requirements may be overlooked where the record demonstrates that the Attorney General had actual knowledge of the lawsuit, *id.*, it is unknown when the Attorney General obtained actual knowledge of Tejada's civil action.

on the pleadings, contending that Tejada's claims were barred by sovereign immunity. (S.R. at 3b.)

The next day, October 28, 2014, the trial court granted Superintendent Fisher's motion for judgment on the pleadings. The trial court reasoned:

> The only possible exception to sovereign immunity in this case would be the real estate exception. The test for determining whether the real estate exception applies is as follows: a claim for damages or injuries caused by the substance or an object on Commonwealth real estate must allege that the dangerous condition derived, originated or had as its source the Commonwealth realty itself. . . . *Jones v. Southeastern Pennsylvania Transportation Authority*, 772 A.2d 435, 443-44 (Pa. 2001).
>
> To establish that the injuries were caused by a "dangerous condition of the real estate" and fall within the exception, "the actual defect or flaw in the real estate must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless some substances are there because of a design or construction defect." *Raker v. Pennsylvania Department of Corrections*, 844 A.2d 659, 662 (Pa. Cmwlth. 2004).
>
> Tejada alleges that he slipped and fell on ice, and as such, [he] has failed to plead that his injury was caused by an actual defect or flaw in the real estate, and therefore the dismissal at the close of the pleadings was appropriate. . . .

(Trial court op. at 1-2.)

On appeal to this Court,[3] Tejada argues that the trial court erred in granting Superintendent Fisher judgment on the pleadings without first ruling on his

---

[3] Our scope of review of a trial court's grant of a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there are any unresolved questions of material fact. *Pfister v. City of Philadelphia*, 963 A.2d 593, 596 n. 7 (Pa. Cmwlth. 2009).

preliminary objections to strike the answer and his motion for leave to amend the complaint. Although the trial court should have affirmatively decided the issues raised in Tejada's preliminary objections and his motion to amend, we discern no reversible error in its failure to do so.

Tejada first contends that Superintendent Fisher's answer was filed untimely and therefore should have been stricken.

Pursuant to Pa.R.C.P. No. 1026, an answer should be filed within 20 days of service of the complaint.

> As a general rule, however, the late filing of an answer will be ignored where the plaintiff has not acted to take a judgment by default. This rule is based on the theory that the plaintiff could not be prejudiced by the delay, and that his neglect to take a default judgment against the defendant operated as an extension of the period for filing the answer.

*Colonial School District v. Romano's School Bus Service*, 545 A.2d 473, 475-76 (Pa. Cmwlth. 1988) (citations omitted).

Accordingly, "[e]stablished procedure does not permit the opposing party to sit idly and then move to strike the untimely answer. Instead, that party must take affirmative action to secure a judgment by default." *Id.* at 475 (citation omitted). Absent a showing of prejudice, failure to take action to secure a judgment by default extends the time within which a defendant is permitted to file an answer. *Id.* In order to demonstrate prejudice, a party must show that the delay hampered the party in the preparation or litigation of its case. *Id.* at n.4. *See Davis v. Liquor Control Board*, 568 A.2d 270, 272 (Pa. Cmwlth. 1989) (*en banc*).

Here, the complaint was served on Superintendent Fisher on August 27, 2014, and an answer was filed on September 29, 2014. Assuming that the Attorney General had knowledge of the suit on the date Superintendent Fisher was served, *see*

4

*supra* n.2, the delay in filing the answer was minimal (thirteen days) and Tejada never motioned for entry of a default judgment. In addition, Tejada has not alleged that he sustained prejudice as a result of the short delay, thereby enlarging the time in which to file an answer.

Tejada also argues that the answer was not verified in accordance with the Rules of Civil Procedure. "Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified." Pa.R.C.P. No. 1024(a). Contrary to Tejada's assertion, the record establishes that Superintendent Fisher properly verified his answer and new matter. (Certified Record (C.R.) at #8.)

Therefore, Tejada's allegations of error fail, and the trial court had no legal basis upon which to strike Superintendent Fisher's answer.

Next, Tejada contends that the averments in his amended complaint would have established that the real property exception is applicable.

Our legislature has waived sovereign immunity for injuries caused by "[a] dangerous condition of Commonwealth agency real estate. . . ." 42 Pa.C.S. §8522(b)(4). "For an injury to be caused by a 'dangerous condition of the real estate' and fall within the real estate exception, the actual defect or flaw in the real estate itself must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless such substances are there because of a design or construction defect." *Raker*, 844 A.2d at 662.

In *Nardella v. Southeastern Pennsylvania Transportation Authority*, 34 A.3d 300 (Pa. Cmwlth. 2011), the plaintiff slipped and fell on snow and ice while standing on a platform owned by a transportation authority. In her complaint, the

plaintiff alleged that the transportation authority "was responsible for the maintenance of the platform, including the removal of ice and snow from the platform, and . . . for keeping the platform in [a] good and safe condition so that the platform would not constitute a menace or danger to those lawfully using the platform." *Id.* at 301. The trial court granted summary judgment in favor of the transportation authority on grounds of sovereign immunity. On appeal, this Court affirmed, concluding that the plaintiff's averments were insufficient to meet the real estate exception. More specifically, we determined that the plaintiff's "allegations of improper maintenance did not result from a defect in the real property itself" and stressed that there was no evidence "that the ice on which she slipped was derived, originated from, or had as its source a design or construction defect in the platform itself." *Id.* at 304-05. *See also Kahres v. Henry*, 801 A.2d 650, 654-55 (Pa. Cmwlth. 2002) (concluding that the real property exception was inapplicable where the plaintiff did not allege or present evidence that the dangerous condition, a snow mound that encroached on a portion of a roadway, had derived, originated, or had the Commonwealth's realty as the source of the condition).

Here, the averments in Tejada's original complaint are indistinguishable from those in *Nardella* and are insufficient to meet the requirements for the real property exception. In his proposed amended complaint, Tejada, in an attempt to prove the applicability of the real property exception, sought to include the allegation that there was a "defect in the property or in its construction, maintenance, design or repair." (C.R. at #10.)

However, this averment is a boilerplate conclusion of law, *see Raker*, 844 A.2d at 662, that cannot be accepted as true when ruling on a motion for judgment on the pleadings. *Mellon Bank, NA v. National Union Insurance Co. of*

6

*Pittsburgh*, 768 A.2d 865, 868 (Pa. Super. 2001). Rather than simply plead the generic legal elements of the real estate exception as stated in *Raker*, it was Tejada's obligation to plead material facts establishing that there was a specific design or construction defect on the realty that caused the snow and/or ice to be on the exercise yard. *See Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1025 (Pa. Cmwlth. 2014) ("Blind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery. Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the *prima facie* elements of the tort or torts alleged."). Tejada did not include such averments in his proposed amended complaint. Therefore, Tejada's amended complaint does not prove the real estate exception to sovereign immunity, and any further amendment would have been futile. *See Weaver v. Franklin County*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007) ("Plaintiff's state claims fail on the basis of immunity. An amendment will not cure this defect. . . . Thus, remand to the trial court for amendment of Plaintiff's complaint would only delay inevitable dismissal.").

In addition, Tejada makes two other arguments that need only be addressed briefly. Tejada baldly asserts, without any factual basis, that the trial court was biased. However, our Supreme Court has held that adverse rulings alone do not establish the requisite bias warranting recusal. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998). Tejada further contends that he was entitled to discovery prior to the dismissal of his complaint. To the contrary, Tejada's discovery requests were premature because Superintendent Fisher had not yet filed an answer, thereby depriving him of the opportunity to challenge the merits of Tejada's complaint based upon its averments. *See also Beardell v. Western Wayne School District*, 496 A.2d

1373, 1375-76 (Pa. Cmwlth. 1985) (differentiating a motion for judgment on the pleadings, based on the averments in the pleadings, and a motion for summary judgment, based on discovery responses and an evidentiary record). More importantly, Tejada has first-hand knowledge of the accident and the accident's site, yet he fails to explain how responses to his requests would have aided in the development of his complaint. *See also Manzetti v. Mercy Hospital of Pittsburgh*, 776 A.2d 938, 950-51 (Pa. 2001) (concluding that judgment was properly entered where the plaintiffs failed on appeal to "explicitly state how additional discovery would have aided them."). Therefore, we find no reversible error on the part of the trial court in granting Superintendent Fisher's motion for judgment on the pleadings.

Having concluded that Tejada's claims against Superintendent Fisher are barred by sovereign immunity and that Tejada did not suffer demonstrable prejudice from any procedural irregularity that may have occurred in the case, we conclude that there is no legal ground to upset the trial court's grant of judgment on the pleadings in favor of Superintendent Fisher.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Tejada,                         :
                    Appellant         :
                                      :     No.  14 C.D. 2015
          v.                          :
                                      :
Jon D. Fisher, Superintendent        :

## *ORDER*

AND NOW, this 3rd day of November, 2015, the October 28, 2014 order of the Court of Common Pleas of Huntingdon County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge