IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James R. Malles,                          :
                          Appellant      :
                                          :
               v.                         :
                                          :
Pennsylvania Department                   :       No. 1699 C.D. 2018
of Corrections                            :       Submitted: May 31, 2019


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED:  July 25, 2019


           James R. Malles (Malles), pro se, appeals from the Erie County
Common Pleas Court's (trial court) November 21, 2018 order dismissing his pro se
complaint (Complaint) against the Pennsylvania Department of Corrections
(Department).  The issue before this Court is whether the trial court properly
concluded that Malles' Complaint was frivolous when it determined that Malles'
claims did not fall within the real estate exception to what is commonly referred to as
the Sovereign Immunity Act (Act).[1]  After review, we affirm.

           Malles is currently an inmate at State Correctional Institution (SCI)-
Albion.  On November 13, 2018, Malles filed the Complaint seeking damages for
injuries he allegedly incurred while walking to SCI-Albion's medical department on
February 12, 2018.  In the Complaint, Malles avers that he slipped and fell due to an

---

[1] 42 Pa.C.S. §§ 8521-8527.  "Pursuant to the Act, the Commonwealth generally enjoys
immunity from suit for damages in negligence except under certain circumstances set forth therein.
*See* 42 Pa.C.S. §§ 8521-8522."  *Cagey v. Commonwealth*, 179 A.3d 458, 460 (Pa. 2018).

accumulation of ice and snow on the sidewalk resulting in a broken leg which required two surgeries to repair. Malles further alleges that the Department was negligent in maintaining and inspecting the sidewalk. Also on November 13, 2018, Malles filed a motion for leave to proceed *in forma pauperis*. On November 21, 2018, the trial court dismissed Malles' Complaint as frivolous because Malles did not aver that he had fallen due to a dangerous condition of Commonwealth property in accordance with the real estate exception to sovereign immunity.[2] Malles appealed to this Court.[3]

Initially, Pennsylvania Rule of Civil Procedure No. 240(j)(1) provides in pertinent part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > *Note:* A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, [326] . . . (1989).

Pa.R.C.P. No. 240(j)(1).

Malles argues that the trial court erred by dismissing his Complaint as frivolous because his claim falls within the real estate exception. We disagree.

The real estate exception is contained in Section 8522(b)(4) of the Act, which provides an exception to sovereign immunity for damages claims arising from:

---

[2] In its November 21, 2018 order, the trial court also denied Malles' *in forma pauperis* motion.

[3] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015).

> **Commonwealth real estate, highways and sidewalks.**--A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5) [(relating to potholes and other dangerous conditions)].

42 Pa.C.S. § 8522(b)(4).

This Court has explained that "[s]overeign immunity bars an action against the Commonwealth *even where the Commonwealth has breached its duty* to those using its property, so long as an exception to sovereign immunity does not apply." *Wise v. Huntingdon Cty. Hous. Dev. Corp.*, ___ A.3d ___ (Pa. Cmwlth. No. 1387 C.D. 2018, filed June 12, 2019), slip op. at 13 (emphasis in original).

The law is well-established that

> [f]or an injury to be caused by a 'dangerous condition of the real estate' and fall within the real estate exception, the actual defect or flaw in the real estate itself must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless such substances are there because of a design or construction defect.

*Raker v. Pa. Dep't of Corr.*, 844 A.2d 659, 662 (Pa. Cmwlth. 2004).

Here, Malles did not allege in his Complaint that the ice and snow accumulation was an artificial condition present because of a design or construction defect. Consequently, Malles' action is barred by sovereign immunity. Under the circumstances, the Complaint fails to state a viable cause of action against the Department. Accordingly, the trial court properly dismissed the Complaint as frivolous.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James R. Malles,                          :
                    Appellant            :
                                         :
          v.                             :
                                         :
Pennsylvania Department                  :          No. 1699 C.D. 2018
of Corrections                           :

## O R D E R

AND NOW, this 25th day of July, 2019, the Erie County Common Pleas Court's November 21, 2018 order is affirmed.


_____
ANNE E. COVEY, Judge