419 A.2d 1202

**QUAKER TRANSIT COMPANY, INC.**

**v.**

**JACK W. BLUMENFELD AND COMPANY.**

**Appeal of Jack W. BLUMENFELD.**

Superior Court of Pennsylvania.

Submitted June 28, 1979.

Filed April 18, 1980.

A. Jay Molluso, Philadelphia, for appellant.

Malcolm M. Blumberg, Philadelphia, for appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

WIEAND, Judge:

In this action of assumpsit to recover charges for moving, the complaint was served on July 17, 1978. Twenty–two days later, on August 8, 1978, the plaintiff took a default judgment for $3,951.21 because of defendant's failure to

---

\* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

This decision was reached following the death of ROBINSON, J.

enter an appearance or file an answer. The trial court refused to open the judgment, and defendant appealed. We reverse.

A petition to open judgment is a matter of judicial discretion. It is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the default can be excused. A trial court's refusal to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970); *B.C.Y., Inc. v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978).

In the instant case, the petition to open was filed on August 22, 1978, only fourteen days after the default judgment had been entered. This, as the trial court found, complied with the first requirement. The second factor was also present, for defendant alleged an express agreement by plaintiff to perform the moving for $940.00. The Court denied the petition, however, because it felt that the failure to file an answer had not been adequately explained.

The default judgment was taken on the twenty–second day following service of the complaint. It was entered without prior notice to appellant. At that time, appellee knew that appellant was represented by counsel, for counsel had been engaged in settlement negotiations prior to the institution of suit. When suit was filed, moreover, a courtesy copy of the complaint had been sent to appellant's counsel.

The reciprocal good faith, mutual respect and courtesy that normally exist among members of the legal profession should have prevented the entry of a "snap" judgment without notice.[1] Taking judgment on the twenty–second day without notice while counsel for the parties were en-

---

1. Notice before entry of a default judgment has now been made mandatory by Pa.R.C.P. No. 237.1, effective February 1, 1980.

gaged in continuing settlement negotiations presents a fact pattern strongly calling for equitable relief. Moreover, even if appellant's counsel had been careless in failing to request an extension of time and in assuming that judgment would not be snapped without notice, his error should not be permitted to deprive appellant of his day in court.

We conclude, therefore, that there was a reasonable excuse for appellant's default and that the court below abused its discretion in refusing to open the judgment. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Fox v. Mellon*, supra; *Kennedy v. Frank L. Black, Jr., Inc.*, 271 Pa.Super. 454, 413 A.2d 1104 (1979); *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977); *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976); *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974).

Reversed and remanded.