427 A.2d 200

John Stanley JOHNSON, a minor by John T. Johnson and Sylvia Johnson, his guardians, and John T. Johnson and Sylvia Johnson, in their own right, and Stanford Womack, a minor by Hugh Womack and Eunice Womack, his guardians, and Hugh Womack and Eunice Womack, in their own right, Appellants,

v.

MOORE MOTORS, INC. and Volkswagen of America, Inc., Volkswagenwerk Aktiengesellschaft and Volkswagen Atlantic, Inc. and Joseph Gordon and John Stanley Johnson and Mary Springfield.

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed March 13, 1981.

Martin Heller, Philadelphia, for appellants.

Earl T. Britt, Philadelphia, for Moore Motors, appellee.

David A. Scott, Pittsburgh, for Volkswagen of America, appellee.

John J. Coffey, Philadelphia, for Volkswagen Atlantic, appellee.

Frank X. O'Brien, Philadelphia, for John Stanley Johnson, appellee.

Thomas J. Ingersoll, Philadelphia, for Springfield, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

On July 24, 1971, plaintiff, John Stanley Johnson, was the operator of a 1970 Volkswagen automobile which he was operating in Whitemarsh Township, Montgomery, Pennsylvania, when the brakes allegedly failed completely, resulting in a collision with another motor vehicle. At the same time and place, plaintiff-appellant, Stanford Womack was a passenger seated in the right front seat of the said 1970 Volkswagen automobile. Suit was instituted in Philadelphia County in November of 1971 against defendant, Moore Motors, Inc. alleging negligent maintenance of the vehicle's brakes. Various discovery procedures ensued and on April 20, 1977, defendant, Moore Motors, Inc. filed supplemental interrogatories addressed to plaintiff-appellant, Stanford Womack. The interrogatories were not responded to and in

May of 1977, defendant filed a praecipe for Interlocutory Order under Philadelphia Civil Rule 4005*(d). Under Philadelphia local rules, the prothonotary automatically thereafter entered the Interlocutory Order, and on July 1, 1977, the prothonotary entered a Final Order of Judgment of Non Pros. Plaintiff-appellant then filed a petition to open the judgment of non pros which was denied by the lower court June 20, 1978, and an appeal was taken to this court from such denial.

In *Gonzales v. Procaccio Bros. Trucking Co.*, 47 Pa.Super. 338, 407 A.2d 1338 (1979) our court held that Philadelphia Civil Rule 145 [formerly Philadelphia Civil Rule 4005*(d)] was in conflict with Pa.R.C.P. No. 4019 and invalid. We recently held in *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981) that the denial of a motion to strike a judgment entered pursuant to Philadelphia Civil Rule 145 must be reversed if, as here, an appeal from such denial was pending when *Gonzales* was handed down. As in *Tice*, appellants here had not argued the invalidity of Rule 145 in the lower court. As explained in our opinion in *Tice*, we believe that we should give appellants the benefit of *Gonzales*, and that the policy reasons for holding that an argument not made in the lower court is waived do not apply here. We note further that in *Tice*, the plaintiff filed a petition to strike the judgment rather than a petition to open, as here. The basic difference between the former and the latter is that the former is directed to a defect on the face of the judgment while the latter is addressed to the equitable and discretionary powers of the court.[1] Regardless of the means employed we continue to find and hold that it is unjust to require an appellant whose case is not yet final to endure the burden of a rule now recognized as offensive to our jurisprudence.

As Justice Samuel J. Roberts pointed out in *Commonwealth v. Ernst*, 476 Pa. 102, 110–11, 381 A.2d 1245, 1248–49 (1977) (Opinion in Support of Reversal):

1. *See Reed Shaw Stenhouse of Pennsylvania, Inc. v. J.A. Neiser Company*, 260 Pa.Super. 192, 393 A.2d 1219 (1978).

I

This Court has adopted the principle that "a court is to apply the law in effect at the time it renders its decision." *Commonwealth v. Saunders*, 456 Pa. 406, 409 n.5, 322 A.2d 102, 103 n.5 (1974); accord, *Cort v. Ash* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Bradley v. School Board of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Ziffrin, Inc. v. United States*, 318 U.S. 73, 63 S.Ct. 465, 87 L.Ed. 621 (1943); *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); *United States v. Chambers*, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763 (1934); *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801). In *Schooner Peggy*, Chief Justice Marshall announced for the Supreme Court:

"But, if, subsequent to the judgment, and before the decision of the appellate court a law intervenes and positively changes the rule which governs the law must be obeyed, or its obligation denied . . . In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

5 U.S. (1 Cranch) at 110.

Relying on *Schooner Peggy* and cases following *Schooner Peggy*, Mr. Justice Rehnquist wrote for the Supreme Court in *Hamling v. United States*:

"Our prior decisions establish a general rule that a change in the law occurring after a relevant event in a case will be given effect while the case is on direct review."

418 U.S. at 102, 94 S.Ct. at 2899–900. In *Bradley v. School Board of Richmond*, supra, Mr. Justice Blackmun, writing for a unanimous Court, affirmed the long established principle that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in

manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S. at 711, 94 S.Ct. at 2016; accord, *Cort v. Ash*, supra. Further, the Supreme Court stated that this rule and the reasoning behind it have "been applied where the change was constitutional, statutory, ... judicial," or administrative. Id. at 715, 94 S.Ct. at 2018; accord, *Thorpe v. Housing Authority*, supra; *Commonwealth v. Mayberry*, 459 Pa. 91, 100–01 n.13, 327 A.2d 86, 91 n.13 (1974) (plurality opinion) (dictum).

For these reasons we reverse the order of the lower court and open the judgment on behalf of appellants.