493 A.2d 738

**Allen M. ALLISON, Appellant,**

**v.**

**Stephen MERRIS and Patricia Merris, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1984.

Filed May 24, 1985.

E. Robert Elicker, II, Mechanicsburg, for appellant.

John M. Eakin, District Attorney, Mechanicsburg, for appellees.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

The only issue in this appeal is whether the trial court properly struck a default judgment entered by the prothon-

otary upon praecipe of the plaintiff after the defendants had tardily filed an answer. Because plaintiff's default judgment was entered after an answer had been filed, we hold that it was patently defective and affirm the order causing it to be stricken.

Allen M. Allison was employed by Stephen and Patricia Merris to remodel the Merris home. A dispute arose concerning Allison's performance and Merris' obligation to pay therefor. After Allison had recovered the sum of $1,777.67, plus costs, in an action before a district justice, Mr. & Mrs. Merris filed an appeal in the Court of Common Pleas of Cumberland County. Pursuant to notice of such appeal, Allison filed a complaint which was served on the Merris' attorney on May 17, 1983. When an answer had not been filed by June 9, 1983, Allison caused notice to be sent to the defendants and their attorney, as required by Pa.R.C.P. 237.1, on June 9, 1983. Presumably, it was received on the following day. An answer and counterclaim were filed on June 21, 1983. On June 23, 1983, Allison filed a praecipe for the entry of a default judgment, and the prothonotary caused judgment to be entered. Allison also filed preliminary objections in the nature of a motion to strike the answer and counterclaim on grounds that the Merris pleading had been filed late. On August 1, 1983, the court ordered the judgment stricken and dismissed Allison's preliminary objections to the answer and counterclaim. Allison appealed.

A default judgment is properly stricken where a fatal defect appears on the face of the record. *Ruehl v. Maxwell Steel Co., Inc.,* 327 Pa.Super. 39, 41, 474 A.2d 1162, 1163 (1984); *Township of Middletown v. Fried & Gerber, Inc.,* 308 Pa.Super. 161, 164, 454 A.2d 71, 72 (1982). The record discloses in this case that the answer and counterclaim had been filed prior to appellant's praecipe for entry of a judgment by default. The default judgment entered by the prothonotary, therefore, was defective on its face and was properly stricken. *Gee v. Caffarella,* 300 Pa.Super. 480, 482, 446 A.2d 956, 957 (1982).

Appellant argues that the answer and counterclaim should have been stricken because they were filed more than twenty days after service of the complaint and more than ten days after he had given notice as required by Pa.R.C.P. 237.1. As a general rule, however, the late filing of an answer will be ignored where the plaintiff has not acted to take a judgment by default. This rule is based on the theory "that the plaintiff could not be prejudiced by the delay, and that his neglect to take a default judgment against the defendant operated as an extension of the period for filing the answer." 2 Goodrich-Amram 2d § 1026:1 (1976). Thus, in *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971), the Supreme Court said:

Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951).

*Id.,* 442 Pa. at 441, 275 A.2d at 321–322. This practice has not been altered by the adoption of Pa.R.C.P. 237.1. On the contrary, the Committee's Explanatory Note—1979 suggests that "[t]he intent of the Rule is to afford a *minimum* of ten days after default within which the default may be cured." (Emphasis added.)

In the instant case, the trial court did not abuse its discretion by refusing to strike the answer and counterclaim. The delay in filing the answer was brief, and the default was promptly cured. Appellant had not previously acted to take a default judgment. The trial court acted consistently with Pennsylvania practice and the purpose and intent of the Rules of Civil Procedure which hold that a default may be cured at any time before the other party acts upon the default. In this case, appellant has not even suggested that he was prejudiced in any way by the brief delay in filing appellees' responsive pleading. It is clear,

therefore, that the trial court could properly refuse to strike the answer and counterclaim.

The order striking the default judgment is affirmed.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I dissent. One critical procedural fact was omitted by the majority.

Appellees promptly filed motions to open and strike the default judgment. Without addressing the petition to open, the lower court struck the default judgment.

In striking the default judgment, the lower court noted that snap judgments are not favored. It further noted that the 20-day response period for the filing of pleadings is permissive and not mandatory. Finally, the court found that appellant suffered no prejudice from the filing of the answer and counterclaim one day beyond the ten-day grace period.

I agree with the lower court that the entry of snap judgments is met with disapproval by our courts. *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979); *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974). For this reason, Pa.R.C.P. No. 237.1 became effective on February 1, 1980. This rule provides for a ten-day written notice of intention to file a praecipe for entry of a default judgment. Any time during this ten-day period, which commences after the 20-day initial response period, the party upon whom the notice is served may file a responsive pleading. In this way, the entry of snap judgments is restricted.

Further protection against the entry of snap judgments is provided by equity principles underlying petitions to open and strike default judgments. For example, should the ten-day grace period go unheeded, the default judgment shall be opened should the petitioner prove that (1) his petition to open was promptly filed; (2) he had a meritorious defense to the underlying cause of action; and (3) his

failure to file a pleading was excusable. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Quaker Transit Co. v. Jack W. Blumenfeld and Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1980). Appellees filed a petition to open which included allegations of each of these three elements. Nevertheless, the lower court did not address appellees' petition to open; instead, its holding resulted solely from a review of the motion to strike.

A motion to strike, another mechanism which limits the entry of snap judgments, shall be granted where there is an irregularity on the face of the record. *Johnson v. Moore Motors, Inc.*, 285 Pa.Super. 237, 427 A.2d 200 (1981); *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.*, 252 Pa.Super. 579, 384 A.2d 931 (1978). In their petition to strike the judgment, appellees alleged that the judgment was improperly entered due to the fact that they filed their answer and counterclaim prior to the filing of the praecipe for entry of default judgment.

The lower court erred in striking the default judgment on grounds that appellant suffered no prejudice. Its further observation that snap judgments are not favored by the law is similarly not adequate grounds for striking a judgment. I disagree with the majority and with this court's opinion in *Gee v. Caffarella*, 300 Pa.Super. 480, 446 A.2d 956 (1982), that the entry of a default judgment, where an answer precedes the praecipe for entry of default judgment, is an error on the face of the record. Therefore, the court did not strike the judgment due to fatal errors on the face of the record. For that matter, appellees' motion to strike does not include any allegations of errors on the face of the record.

I would reverse the lower court for its improper disposition of the motion to strike. However, I would remand for further proceedings on the petition to open. Appellees' petition to open contained allegations, which if proven, would be sufficient to open the default judgment. Since the lower court failed to address the petition to open, I would remand.