545 A.2d 473

Colonial School District *v.* Romano's School Bus Service et al. National Union Fire Insurance Company, Appellant.

Argued June 16, 1988, before Judges BARRY and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Jay E. Mintzer, Edelstein, Mintzer & Diamond,* for appellant.

*John J. O'Brien, Jr.,* for appellee, Colonial School District.

OPINION BY JUDGE MCGINLEY, August 10, 1988:

National Union Fire Insurance Company (National Union) appeals from two orders of the Court of Common Pleas of Montgomery County dismissing, respectively, two answers which National Union had filed. We reverse.

The issues presented are procedural in nature; hence, a more detailed recitation of the procedural posture of the matter is in order. Colonial School District (Colonial) brought a declaratory judgment action against numerous defendants, including National Union and its insured (with whom Colonial had contracted for the transportation of its students). Colonial sought a declaration that the defendants were obligated to defend and indemnify colonial in an underlying personal injury action.[1] National Union did not file an answer until twenty three months after the complaint was filed.[2] Colonial moved to strike the answer due to its having been untimely filed. On June 12, 1987, the trial court entered an order granting this motion and struck the answer. Colonial filed a Praecipe for Judgment by De-

---

[1] The personal injury action was brought against Colonial, National Union's insured, and an employee of the insured. The action arose out of the death of a minor who was run over by a school bus. The bus was owned and operated by National Union's insured, which was transporting students in the performance of its contract with Colonial. That action was settled for the sum of eight hundred twenty-five thousand ($825,000.00) dollars, of which Colonial contributed twenty-five thousand ($25,000.00) dollars.

[2] During the twenty-three month period, National Union's insured and the insured's employee filed a motion for summary judgment which the trial court granted. (The trial judge who granted the motion for summary judgment was not the same judge who issued the orders from which this appeal was taken.) Colonial appealed the order granting summary judgment to this Court, which affirmed the order. *Colonial School District v. Romano's School Bus Service, Inc.,* 115 Pa. Commonwealth Ct. 87, 539 A.2d 910 (1988).

fault, but the Prothonotary refused to accept this Praecipe because National Union had not been notified ten days in advance of Colonial's intention to file the Praecipe pursuant to Pa. R.C.P. 237.1.[3] Colonial subsequently mailed this notice and National Union filed a second answer. Colonial filed a motion to Strike the Second Answer. By order dated August 6, 1987, the trial court struck the second answer and specifically instructed the Prothonotary to accept Colonial's Praecipe for Judgment by Default. National Union took timely appeals to this Court from both the June 12, 1987 and the August 6, 1987 orders.

National Union contends that the trial court erred when it ordered that National Union's first answer be stricken, because Colonial had not been prejudiced, or, in the alternative, because Colonial caused its own prejudice by failing to move for a judgment by default sooner. National Union also contends that by serving a notice of intention to file the praecipe pursuant to Rule 237.1, Colonial extended the time in which National Union was permitted to file an answer. We agree with

---

[3] Rule 237.1 provides in relevant part as follows:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

(b) This rule does not apply to (a) a judgment entered pursuant to an order of court or rule to show cause . . .

(c) [This section provides an example of the requisite notice.]

National Union's contention of error with respect to the trial court's order of June 12, 1987, striking National Union's first answer. Consequently, we do not address the propriety of the trial court's second order, nor the effect of the service of the Rule 237.1 notice.

Pa. R.C.P. 1026 governs the time for filing of answers and other responsive pleadings. This rule states in relevant part as follows:

(a) Except as provided by subdivision (b), every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

National Union was bound by the time constraints contained therein. Nevertheless, despite the excessive tardiness on the part of National Union, the trial court's order to strike the answer was improper. Established procedure does not permit the opposing party to sit idly and then move to strike the untimely answer. Instead, that party must take affirmative action to secure a judgment by default. Pa. R.C.P. 1037(b) states that "The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by the defendant's pleadings." Colonial failed to take such action. Colonial's failure to take action to secure a judgment by default extended the time within which National Union was permitted to file an answer.

The leading case is *Allison v. Merris*, 342 Pa. Superior Ct. 571, 493 A.2d 738 (1985). In that case the answer was filed more than twenty days after the complaint had been served and more than ten days after the rule 237.1 notice had been served. The plaintiff filed a praecipe for

entry of default judgment after the answer was filed, and the prothonotary caused judgment to be entered. The plaintiff also moved to strike the answer due to the late filing. The trial court ordered the judgment to be stricken and dismissed plaintiff's motion to strike the answer. The plaintiff appealed.

The Superior Court held that the trial judge did not abuse his discretion by refusing to strike the answer. The Court stated that:

> As a general rule, however, the late filing of an answer will be ignored where the plaintiff has not acted to take a judgment by default. This rule is based on the theory 'that the plaintiff could not be prejudiced by the delay, and that his neglect to take a default judgment against the defendant operated as an extension of the period for filing the answer.' 2 Goodrich-Amram 2d §1026:1 (1976). . . .
>
> In the instant case, the trial court did not abuse its discretion by refusing to strike the answer and counterclaim. The delay in filing the answer was brief, and the default was promptly cured. Appellant had not previously acted to take a default judgment. The trial court acted consistently with Pennsylvania practice and the purpose and intent of the Rules of Civil Procedure which hold that a default may be cured at any time before the other party acts upon the default. In this case, appellant has not even suggested that he was prejudiced in any way by the brief delay in filing appellees' responsive pleading. It is clear, therefore, that the trial court could properly refuse to strike the answer and counterclaim.

*Id.* at 574-75, 493 A.2d at 739, 740.

Admittedly, the facts in the instant case differ somewhat from the scenario in *Allison.* In the instant

matter the delay in filing the answer consisted of twenty-three months, instead of a delay of slightly over one month. The procedural postures are also different. In the instant matter we are asked to review the trial court's decision to strike the answer, whereas in *Allison* the trial judge refused to strike the answer. The Superior Court in *Allison* did not say that the trial judge would have abused his discretion if he had *struck* the answer; the court held that the trial judge was within his discretion *not* to strike it. Furthermore, unlike the plaintiff in *Allison,* Colonial does allege that it was prejudiced by the delay.

Despite these differences, the policy enunciated in *Allison* is equally applicable here. Colonial did not avail itself of the opportunity to take a default judgment prior to the filing of the first answer. Furthermore, Colonial has not demonstrated that it was prejudiced by the delay,[4] but even if Colonial had been prejudiced, its own inaction would be at fault.

Having determined that the trial court abused its discretion by striking National Union's first answer, we vacate the trial court's order of June 12, 1987, and we reinstate the first Answer with New Matter which National Union filed on April 13, 1987. It appearing that the trial lacked jurisdiction to enter the order of August 6, 1987, and the entry of judgment of August 24, 1987,

---

[4] We reject Colonial's assertion that it has suffered prejudice by carrying "the difficult burden of resolving the underlying matter, as well as the expense incurred in both actions." (Brief for Appellee at 12.) In order to demonstrate prejudice, a party must show that the delay hampered the party in the preparation or litigation of its case. *See American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen,* 274 Pa. Superior Ct. 285, 418 A.2d 408 (1980); *Commonwealth of Pennsylvania v. Fallings,* 251 Pa. Superior Ct. 365, 380 A.2d 822 (1977). Had Northern Union timely filed its answer, Colonial's responsibilities vis-a-vis the two actions would not have changed.

we will vacate the order of August 6, 1987, and the entry of judgment on August 24, 1987, and we will quash the appeal from the August 6, 1987 order.[5]

ORDER

Now, August 10, 1988, we vacate the Order of the Court of Common Pleas of Montgomery County dated June 12, 1987, at docket No. 85-07772, and we reinstate the Answer with New Matter which National Union Fire Insurance Company filed on April 13, 1987. We vacate the Order of the Court of Common Pleas of Montgomery County dated August 6, 1987, and the entry of judgment dated August 24, 1987, and we quash the appeal from the August 6, 1987 order, which is docketed at No. 2076 C.D. 1987. We remand this matter for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] The trial court had no jurisdiction to enter the second order, pursuant to which judgment was entered. Pa. R.A.P. 1701(a).