J-S21036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH KULP, III, | |
| Appellant | No. 2707 EDA 2014 |

Appeal from the Judgment of Sentence July 28, 2014
in the Court of Common Pleas of Carbon County
Criminal Division at No.: CP-13-CR-0000750-2012;
CP-13-CR-0000754-2012

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 21, 2015**

Appellant, Joseph Kulp, III, appeals from the judgment of sentence imposed following a jury conviction of two counts each of indecent assault without consent and indecent assault of a person less than sixteen years of age, defendant at least four years older.[1]  Specifically, he challenges his classification as a sexually violent predator (SVP).  We affirm on the basis of the trial court opinion.

The charges in this matter arose from two separate incidents over one year with one minor victim.  In its October 27, 2014 opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(1) and (8), respectively.

case. (**See** Trial Court Opinion, 10/27/14, at 1-6). Therefore, we have no need to restate them here.

Appellant raises the following issues for our review:

[1]. Whether the [t]rial [c]ourt erred by considering the [s]exual [o]ffender[] report provided by Mary E. Muscari as this report was provided well beyond the time limits afforded under 42 Pa.C.S.A. § 9799.24?

[2]. Whether the [t]rial [c]ourt erred in determining the Commonwealth's evidence was sufficient to classify [Appellant] as a sexually violent predator?

[3]. Whether the statutory language of Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 et. seq, as it applies to [Appellant] is unconstitutionally vague and overbroad?

(Appellant's Brief, at 4).

Appellant first challenges Dr. Muscari's assessment as untimely under section 9799.24. Therefore, he raises a question of statutory construction. It is well-settled that "[b]ecause statutory interpretation is a question of law, our standard of review is *de novo,* and our scope of review is plenary." **Commonwealth v. Stotelmyer**, 2015 WL 668038, at *3 (Pa. Feb. 17, 2015).

Appellant's second claim raises "[q]uestions of evidentiary sufficiency[, which] present questions of law; thus, our standard of review is *de novo* and our scope of review is plenary. In conducting sufficiency review, we must consider the evidence in the light most favorable to the Commonwealth,

- 2 -

which prevailed upon the issue at trial." ***Commonwealth v. Meals***, 912 A.2d 213, 218 (Pa. 2006) (citations and internal quotation marks omitted).

In Appellant's third issue, he challenges the constitutionality of a statute. Therefore, "[a]s the constitutionality of a statute is a pure question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Omar***, 981 A.2d 179, 185 (Pa. 2009) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's first two issues and his third issue is waived. The trial court properly disposes of all of the questions presented. (***See*** Trial Ct. Op., at 7-16) (finding: (1) consideration of late sexual offender report was proper where Appellant had the SOAB report over ten months before hearing and therefore was not prejudiced; (2) Commonwealth presented clear and convincing evidence sufficient to classify Appellant as SVP; and (3) Appellant's third issue too vague for meaningful review). We note that contrary to the trial court's conclusion that Appellant's third issue is meritless, a vague claim or argument that impedes review is waived. ***See Commonwealth v. Hansley***, 24 A.3d 410, 4151 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011). Accordingly, we affirm on the basis of the trial court's opinion (except for the conclusion that Appellant's third issue is meritless).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/21/2015</u>

IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
:
vs. : No. 750 CR 2012
: 754 CR 2012
JOSEPH J. KULP III, :
:
Defendant :

Michael S. Greek, Esquire
    Assistant District Attorney   Counsel for the Commonwealth
Paul John Levy, Esquire         Counsel for the Defendant

**MEMORANDUM OPINION**

Serfass, J. - October 27, 2014

Defendant, Joseph J. Kulp, III (hereinafter "Defendant"), has taken this appeal from the Order of Court entered on July 28, 2014, classifying Defendant as a sexually violent predator. We file the following Memorandum Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) and recommend that the aforesaid Order of Court be affirmed for the reasons set forth hereinafter.

**FACTUAL AND PROCEDURAL HISTORY**

On March 7, 2013, a jury of his peers found Defendant guilty of two (2) counts of indecent assault without consent[1] and two (2) counts of indecent assault of a person less than sixteen

---

[1] 18 Pa. C.S.A. § 3126(a)(1).

[FS-50-14]

1

years of age, defendant at least four years older.[2] This Court issued an Order on May 30, 2013, directing Defendant to be assessed by the Sexual Offender Assessment Board (hereinafter "SOAB"). Defendant was assessed by the SOAB on August 24, 2013, and the subsequent report was issued on August 28, 2013. On August 30, 2013, counsel for the Commonwealth filed a "Praecipe to Schedule Hearing" to determine whether Defendant should be classified as a sexually violent predator. On September 4, 2013, this Court issued an order scheduling that hearing for October 8, 2013. Between the dates of October 7, 2013 and April 29, 2014, Defendant filed seven (7) separate motions for continuance, all of which were unopposed by the Commonwealth and granted by this Court. Six (6) of those continuance motions were filed because Defendant sought to have his own sexual offender assessment prepared for submission at the classification hearing. Ultimately, Defendant elected not to submit a separate assessment and the hearing to determine whether he should be classified as a sexually violent predator was held on July 7, 2014. Following the hearing, Defendant's counsel was granted additional time within which to submit a brief concerning the classification of the defendant as a sexually violent predator. Defendant's counsel submitted his brief on July 24, 2014. Upon consideration of the hearing testimony, SOAB report and

---

[2] 18 Pa. C.S.A. § 3126(a)(8).

Defendant's brief, this Court issued an Order on July 28, 2014 classifying Defendant as a sexually violent predator. Our Order of July 28, 2014 was accompanied by a Determination of Court which included the following Findings of Fact and Conclusions of Law:

1. The defendant has been convicted of two (2) counts of indecent assault, which are sexually violent offenses as defined in 42 Pa. C.S.A. § 9791;

2. This case involves a single minor victim. The subject offenses against the victim, however, spanned a period of one (1) year and included two (2) instances of indecent assault on the victim;

3. The defendant did not exceed the force necessary to achieve the commission of the offenses. The defendant abused his relationship with the victim as an acquaintance and a member of her church;

4. The defendant touched the victim's buttocks on two (2) occasions;

5. The defendant was an acquaintance of the victim. He used that relationship to exploit the trust of the victim and to gain access to her. The victim was fourteen (14) years old at the time of the offense;

6. There was no indication of sadistic behavior or unusual cruelty in connection with these offenses;

7. There is no evidence to indicate that the victims had any mental incapacities or physical disabilities; however, the victim's age did make her vulnerable and incapable of consenting to sexual activity;

8. The defendant has two (2) prior convictions for driving under the influence and one (1) prior conviction for indecent assault;

9. The defendant was incarcerated for his prior conviction of indecent assault. That offense took place at the same time period as the instant offense. There is no evidence to

[FS-50-14]

3

establish that the defendant has the ability to learn from his experience or see the presence of self-defeating behaviors;

10. The defendant has not participated in any type of treatment to date, including sex offender treatment;

11. The defendant was thirty-eight (38) years old at the time of his offenses. His age may be consistent with the criteria for a personality disorder, and his age and the age of the victim may be consistent with the criteria for paraphilic behavior;

12. The defendant used alcohol and started smoking marijuana during high school. Although the defendant has been convicted of DUI on two (2) occasions, he maintained that his alcohol use has not gotten him in trouble. There is no evidence that he was abusing drugs or alcohol at the time of his offenses;

13. The defendant fits the diagnostic criteria for paraphilia;

14. The defendant has a history of sexually assaulting two (2) minor females, ages 13 and 14. One of these victims was a stranger and the victim in this matter was an acquaintance;

15. The following facts are supportive in the Sexual Offenders Assessment that has been filed as criteria reasonably related to the risks of re-offending:

        a. The defendant has a deviant sexual interest in minor female victims;

        b. The defendant meets the diagnostic criteria for paraphilia; and

        c. The defendant has been convicted of a prior act of indecent assault on a minor female.

16. The defendant meets the diagnostic criteria for a mental abnormality and a personality disorder; to wit, Paraphilia;

17. The defendant meets the following criteria for Paraphilia, and in the following ways:

        a. The defendant suffers from

[FS-50-14]

4

paraphilia. The condition may first emerge following a crisis, but is a lifetime disorder;

b. The defendant had ample opportunity to control his impulses. He saw both victims from his car and could have driven away to control his urges. Defendant parked his vehicle and approached his victims. Defendant followed the victim of his prior offense when she tried to avoid him. In the instant action, Defendant offended the victim in the presence of another minor; and

c. Acting on these urges.

18. The defendant's offenses were motivated by his disorders or conditions;

19. Paraphilia is a lifetime disorder;

20. Paraphilia over-rode the defendant's emotional and volitional control, and he was not able to manage his offending;

21. The defendant has a sexually deviant pathway to offending. He has committed sexual offenses. Sexual deviance with a history of sexual offending increases the likelihood of re-offending;

22. The defendant's offenses were predatory in nature, in that he was an acquaintance of the victim. He promoted, and possibly established the relationship in order to support victimization;

23. The Court finds as credible the report of Mary E. Muscari, who completed the Sexual Offenders Assessment on behalf of the Sexual Offenders Assessment Board;

24. The defendant does suffer from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses; and

25. The defendant therefore is found to be a sexually violent predator within the meaning of Megan's Law.

[FS-50-14]

5

Also on July 28, 2014, we sentenced the defendant to an aggregate term of imprisonment in the Carbon County Correctional Facility of not less than six (6) months nor more than twenty-four (24) months less one (1) day followed by one (1) year of county probation. On August 26, 2014, Defendant filed a Notice of Appeal of our sentencing orders to the Superior Court of Pennsylvania. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), this Court issued an Order on August 26, 2014, directing Defendant to file of record and serve upon the undersigned, a concise statement of the matters complained of on appeal. In compliance with that Order, Defendant filed and served his Concise Statement on September 16, 2014.

## ISSUES

In his Concise Statement, Defendant raises the following issues on appeal:

1. The Trial Court erred by considering the Sexual Offender's report provided by Mary E. Muscari as this report was provided well beyond the time limits afforded under 42 Pa.C.S.A. Section 9799.24 (a) and (d);

2. Trial Court erred in determining the Commonwealth's evidence was sufficient to classify Mr. Kulp a sexually violent predator; and

3. The statutory language of the Sexually Violent Predator Statute as it applies to Mr. Joseph Kulp is unconstitutionally vague and overbroad and as such is in violation of Mr. Kulp's Pennsylvania and U.S. Constitutional rights.

## DISCUSSION

A three-tiered classification system for sexual offenses is set forth at 42 Pa. C.S.A. section 9799.14 while the period of registration for individuals convicted of these offenses is set forth at 42 Pa.C.S.A. section 9799.15(a). For those individuals convicted of any of the criminal offenses set forth in section 9799.14(b) [Tier I offenses], a fifteen (15) year period of registration with the Pennsylvania State Police is mandated. For those individuals convicted of any of the criminal offenses listed in section 9799.14(c) [Tier II offenses], a twenty-five (25) year period of registration is mandated. And for those individuals convicted of any offense listed in section 9799.14(d) [Tier III offenses], a lifetime registration is mandated.

Individuals convicted of at least one sexually violent offense are to be assessed by the SOAB. 42 Pa. C.S.A. section 9799.24(a). Indecent assault is a sexual offense requiring assessment by the SOAB. 42 Pa. C.S.A. section 9799.14. The assessment is to include, but not be limited to, an examination of the following statutory factors:

1.  Facts of the current offense, including:
    a. Whether the offense involved multiple victims.
    b. Whether the individual exceeded the means necessary to achieve the offense.
    c. The nature of the sexual contact with the victim.
    d. Relationship of the individual to the victim.

[FS-50-14]
7

e. Age of the victim.
f. Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
g. The mental capacity of the victim.

2. Prior offense history, including:
a. The individual's prior criminal record.
b. Whether the individual completed any prior sentences.
c. Whether the individual participated in available programs for sexual offenders.

3. Characteristics of the individual, including:
a. Age of the individual.
b. Use of illegal drugs by the individual.
c. Any mental illness, mental disability or mental abnormality.
d. Behavioral characteristics that contribute to the individual's conduct.

4. Factors that are supported in a sexual offender assessment field as reasonably related to the risk of reoffense.

Within ten (10) days of being convicted of a sexually violent offense, a court shall issue an order for the convicted individual to be assessed by the SOAB. 42 Pa. C.S.A. section 9799.24(a). The SOAB is given ninety (90) days from the date of an individual's conviction to submit a written report containing its assessment to the district attorney. 42 Pa. C.S.A. section 9799.24(d). Upon the filing of a praecipe by the district attorney, the court must hold a hearing to determine whether the individual is a sexually violent predator. 42 Pa. C.S.A. section 9799.24(e)(1). At that hearing, the individual is given the right to counsel, the right to call and cross-examine witnesses,

and the right to be heard. 42 Pa. C.S.A. section 9799.24(e)(2).

A "sexually violent predator" is defined as "an individual convicted of an [enumerated offense]… who … is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa. C.S.A. section 9799.12. A mental abnormality is defined as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." Id. Predatory is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." Id. An individual who is determined to be a sexually violent predator must register with the Pennsylvania State Police for the life of the individual. 42 Pa. C.S.A. section 9799.15(a)(6).

I. Trial Court's Consideration of Sexual Offender's Report

Defendant argues that this Court erred in considering the written report of the Sexual Offender Assessment Board prepared by Dr. Mary E. Muscari because that report was submitted beyond the time limits provided under 42

[FS-50-14]

Pa.C.S.A. sections 9799.24(a) and (d). While it is undisputed that this Court entered its Order requiring Defendant to be assessed by the SOAB beyond the ten (10) day time limit provided by section 9799.24(a)[3], and that the SOAB provided its report beyond the ninety (90) day time limit provided by section 9799.24(d)[4], neither section includes a provision for the remedy or consequence of late filings.

Defendant cannot demonstrate, and he does not attempt to argue, that he has been prejudiced as a result of the timing of this Court's Order and the SOAB's late filing.[5] Prejudice "includes any substantial diminution of defendant's ability to present factual information in the event of trial which has been brought about by plaintiff's delay." American Bank & Trust Co. v. Ritter, Todd & Haayen, 418 A.2d 408, 410 (Pa. Super. 1980). Trial courts have broad discretion in considering procedural issues. Allison v. Merris, 493 A.2d 738, 740 (Pa. Super. 1985). Furthermore, "[P]rocedural rules are not ends in [and of] themselves, and . . . the rigid application of our rules does not always serve the interests of fairness and justice." Womer

---

[3] Defendant was convicted on March 7, 2013 and this Court issued its Order directing Defendant to be assessed by the SOAB on May 30, 2013.
[4] The report was issued on August 28, 2013.
[5] A total of nine (9) post-verdict motions for continuance were filed in this matter, all of which were filed by Defendant. As described hereinabove, seven (7) of Defendant's continuance motions were filed after the SOAB issued its assessment. Clearly, prejudice resulting from a lack of timeliness was not an issue that was contemplated by, nor a concern of, the defendant.

[FS-50-14]
10

v. Hilliker, 908 A.2d 269, 276 (Pa. 2006). Moreover, it has been the policy of the Superior Court "... to overlook ... procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result . . . .'" Commonwealth v. Laskaris, 561 A.2d 16, 20 (Pa. Super. 1989), quoting Feingold v. Southeastern Pennsylvania Transp. Auth., 517 A.2d 1270, 1272 (Pa. 1986).

In the instant matter, Defendant's ability to present his case has not been adversely affected by the late filings. Defendant had the SOAB report for a period in excess of ten (10) months prior to the sexual offender assessment hearing. At the hearing, Defendant's counsel cross-examined the Commonwealth's expert and Defendant was provided the opportunity to present his own evidence. Furthermore, Defendant's counsel was afforded the opportunity to submit a brief in support of his positions following the hearing. Thus, Defendant has enjoyed the full benefit of the procedural protections afforded to him, despite the late filings. Accordingly, Defendant has not suffered any prejudice and, therefore, the late filings represent harmless errors that do not affect this Court's ability to classify Defendant as a sexually violent predator. This is particularly so given that Defendant's sentencing proceeding and sexual offender assessment hearing were continued a total of nine (9) times at the request of Defendant's counsel.

[FS-50-14]

## II.   The Commonwealth's Evidence was Sufficient to Classify Defendant as a Sexually Violent Predator

Defendant's second claim challenges this Court's determination that he should be classified as a sexually violent predator. Defendant asserts that the Commonwealth's evidence was not sufficient for such a classification.

After the SOAB completes the sexual offender assessment and submits its report to the Commonwealth, the court conducts a hearing at which the Commonwealth bears the burden of proving by clear and convincing evidence that the defendant should be designated as a sexually violent predator. 42 Pa. C.S.A. section 9799.24(e)(3). The standard of clear and convincing evidence means that the evidence offered in support of the sexually violent predator classification must be so clear, direct, weighty, and convincing that the fact-finder may arrive at a clear conclusion, without hesitation, that the sexually violent classification is proper. Commonwealth v. Meals, 912 A.2d 213, 219 (Pa. 2006).

The task of the Superior Court on appeal of a trial court's classification of a defendant as a sexually violent predator is one of review, and not of weighing and assessing the evidence presented at hearing. Id. at 222. Further, the appellate court may not make credibility determinations. Commonwealth v. Geiter,

929 A.2d 648, 650 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2007). Rather, the appellate court shall view all the evidence and its reasonable inferences in a light most favorable to the Commonwealth. Commonwealth v. Moody, 843 A.2d 402, 408 (Pa. Super. 2004), *appeal denied*, 882 477 (Pa. 2005).

Expert reports, along with expert testimony, may constitute the substantive evidence to establish the statutory prerequisites for a sexually violent predator classification. Meals, 912 A.2d at 223. There exists no statutory requirement that all of the assessment factors set forth at 42 Pa. C.S.A. Section 9799.24 and listed hereinabove, or any particular set of them, must be present in order to support a sexually violent predator classification. Meals, 912 A.2d at 220-223. Instead, the presence or absence of one or more factors may suggest the presence or absence of one or more particular types of mental abnormalities. Id. at 221. Thus, although the SOAB must examine all the factors listed under Section 9799.24, the Commonwealth is not required to show that any one factor is present, or absent, in a particular case. Id.

To establish that Defendant should be classified as a sexually violent predator, the Commonwealth relied upon the assessment report prepared by Dr. Muscari, a member of the SOAB, together with Dr. Muscari's testimony at the sexually violent predator determination hearing. The report and

[FS-50-14]

13

testimony offered by Dr. Muscari referred to the factors specified in 42 Pa. C.S.A. section 9799.24 and provided her analysis and commentary as to how she evaluated Defendant's background information, including the facts pertaining to the present offenses, in light of each factor enumerated in the Sexually Violent Predator Statue. Further, counsel for Defendant had the report prior to the sexual offender assessment hearing and was offered ample opportunity to cross-examine Dr. Muscari at that hearing.

Based upon her assessment of Defendant, Dr. Muscari determined that Defendant met the criteria for paraphilia. Dr. Muscari concluded that Defendant engaged in predatory behavior and that his mental abnormality made it likely that he would re-offend. Based upon her consideration of the factors listed in Section 9799.24, Dr. Muscari concluded within a reasonable degree of professional certainty that Defendant meets the criteria to be classified as a sexually violent predator.

Viewing Dr. Muscari's report in the light most favorable to the Commonwealth, it is apparent that there was clear and convincing evidence presented at the hearing to support the Court's classification of Defendant as a sexually violent predator. Accordingly, Defendant's claim of insufficiency is without merit.

[FS-50-14]

14

### III. Alleged Unconstitutionality of Statutory Language

Defendant's final claim is that the statutory language of the "Sexually Violent Predator Statute" is unconstitutionally vague and overbroad as applied to Defendant and is, therefore, in violation of his rights under the Pennsylvania and United States Constitutions.

If a concise statement is too vague as to allow the court to identify the issues raised on appeal, such statement is the functional equivalent of no concise statement at all. Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa. Super. 2001). If a reviewing court must "guess what issues an appellant is appealing," then the appellant's effort "is not enough for meaningful review." Commonwealth v. Butler, 756 A.2d 55, 57 (Pa. Super. 2000), citing Giles v. Douglass, 747 A.2d 1236, 1237 (Pa. Super. 2000).

Defendant's concise statement neither identifies any specific provision of the "Sexually Violent Predator Statute", which we understand to be a reference to the Registration of Sexual Offender's Act, 42 Pa. C.S.A. section 9791 *et. seq.*, nor explains how any section of that statute is unconstitutionally vague and overbroad as applied to Defendant. Accordingly, this Court would be merely guessing as to what statutory provisions the

[FS-50-14]
15

defendant is making reference. Therefore, given the vagueness of Defendant's concise statement in this regard, this Court cannot provide a meaningful review of Defendant's third and final claim. As a result, we deem this claim to be meritless.

### CONCLUSION

For the foregoing reasons, we respectfully recommend that our Order of Court entered on July 28, 2014 classifying Defendant as a sexually violent predator be affirmed.

BY THE COURT:



Steven R. Serfass, J.

CLERK OF COURTS
CODED

**OCT 28 2014**

THERESA McGOWAN

[FS-50-14]