J-A29001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDROMEDA J. COOK | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellant | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| SUGARHOUSE HSP GAMING, L.P., | : No. 2661 EDA 2016 |
| SUGARHOUSE HSP GAMING PROP. | : |
| GP. L.P., MARY FREEMAN AND | : |
| CHRISTOPHER REEVES | : |

Appeal from the Order August 1, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2014  No. 1077

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 18, 2017**

Andromeda J. Cook appeals from the trial court's order denying her post-trial motions, after a non-jury trial based upon stipulated facts, and entering judgment in her favor and against Appellee, Mary Freeman, in the amount of $5,000.  After careful review, we affirm.

From August 21, 2010 through June 14, 2013, Cook was employed by SugarHouse Casino as a Player Services Member.[1]  In September 2014, Cook filed a complaint alleging:  (1) assault and battery against Freeman, a patron of Defendant SugarHouse Casino; (2) racial and sexual harassment against

_____

[1] Cook alleged in the complaint that she was constructively discharged after the alleged actions occurred.  **See** Plaintiff's Second Amended Complaint, 1/8/15, at ¶ 13.

_____

*   Retired Senior Judge assigned to the Superior Court.

SugarHouse co-workers and managers; and (3) intentional infliction of emotional distress (IIED) against all defendants.[2]  SugarHouse filed preliminary objections claiming:  that Cook's IIED claim fails as a matter of law for insufficient facts to support the claim, Cook's IIED claim is preempted by Pennsylvania Workers' Compensation Act (WCA);[3] Cook failed to exhaust administrative remedies (i.e., the Pennsylvania Human Relations Act (PHRA)) with regard to her common law claims against Defendant Reeves; and Cook failed to set forth facts to support liability for sexual harassment claims against Reeves under the PHRA.  The court overruled the preliminary objections.

On December 8, 2014, Cook filed an amended complaint, adding a claim of negligent infliction of emotional distress (NIED) for SugarHouse's failure to protect her from sexual and racial harassment by her co-employees and assault and battery committed by Freeman.  Cook later filed a second amended complaint, specifically stating that she did not seek any relief under federal law, *see* Plaintiff's Second Amended Complaint, 1/8/15, at ¶ 11, but, with regard to the co-worker SugarHouse defendants, she had exhausted her administrative remedies by filing complaints with the PHRC and Equal Employment Opportunity Commission (EEOC) with respect to her race

---

[2] In October 2014, after SugarHouse filed a motion to remove the case to federal court based upon Cook's sexual harassment claim, the case was removed to the United States District Court for the Eastern District of Pennsylvania.  However, on November 12, 2014, by order, the case was remanded to the Philadelphia Court of Common Pleas.

[3] 77 P.S. §§ 1-1041.

discrimination, hostile work environment, and sexual harassment claims. **Id.** at ¶ 32. Cook also included direct claims against Defendant Michael McDevitt, a SugarHouse security guard, who had not been named in her original complaint.

On May 1, 2015, SugarHouse filed its Answer and New Matter to Cook's second amended complaint. On October 23, 2015, Cook filed her Answer to New Matter. On December 11, 2015, SugarHouse filed a motion to strike Cook's Answer to New Matter alleging that it was untimely. On February 26, 2015, the court granted SugarHouse's motion to strike Cook's Answer to New Matter and deemed SugarHouse's New Matter to be admitted. Cook filed a motion to reconsider the court's order; the court granted, in part, and denied, in part, the motion to reconsider, vacating the third paragraph of the February 26th order that ordered "SugarHouse Defendants' New Matter is deemed to be admitted," now ordering that "only statements of fact contained in defendants' New Matter are deemed admitted by [Cook]." Trial Court Order, 3/31/16.

On February 1, 2016, SugarHouse filed a summary judgment motion claiming that Cook's claims were preempted by the PHRA and the WCA. After a hearing, the court granted the motion, dismissing Counts I and III of Cook's complaint and finding that: Cook's NIED and sexual harassment claims were preempted by the PHRA; that there was insufficient evidence to support a *prima facie* IIED claim where "no reasonable jury could find that the conduct Cook complained about r[ose] to the level of outrageousness required of the

IIIED tort[;]" and that the NIED claim is barred by the WCA's exclusivity provision.

On July 6, 2016, the case proceeded to a non-jury trial against Freeman; the parties stipulated as to the facts of the case. After trial, the court entered the following dispositional order: "Finding for Plaintiff and against Def. Freeman in am[oun]t of $5,000.00 based on stipulated [f]acts of the [p]arties." Trial Worksheet/Verdict, 7/6/16. Cook filed timely post-trial motions which the court denied on August 1, 2016.[4] She files this timely appeal, raising the following issues for our consideration:[5]

> (1) Does a trial court err by entering summary judgment based upon averments in a new matter that are deemed to be admitted as a result of the court's order striking Plaintiff's untimely Answer to New Matter, when Defendant fails to establish any prejudice as a result of the untimely Answer?[6]
>
> (2) When the Defendant/Employer knew that employees under its supervision had abused and sexually harassed the Plaintiff, does a trial court err, and is Plaintiff therefore entitled to a new trial against all parties as to both liability

_____

[4] On August 17, 2016, the court entered judgment on the verdict. **See** Pa.R.C.P. 227.4.

[5] We note that the trial court did not order Cook to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[6] When Cook appealed the court's final order granting judgment in her favor, the prior interlocutory summary judgment order entered in favor of SugarHouse became final and can now be raised properly in this appeal. **Scampone v. Grane Healthcare Co.**, 169 A.3d 600 (Pa. Super. 2017).

and damages, by entering summary judgment and refusing to enter judgment notwithstanding the verdict?[7]

In her first issue on appeal, Cook claims that the trial court improperly deemed the allegations in her untimely Answer to New Matter as "admitted" when the record established that those facts were in dispute and Defendants did not assert any prejudice because of the untimely filing. Moreover, she claims the trial court compounded this error by relying, in part, upon those deemed admissions, when it granted summary judgment in favor of SugarHouse.

Pennsylvania Rule of Civil Procedure 1026 provides:

Except as provided by Rule 1042.4 [responsive pleading with regard to professional liability claim] or by subdivision (b) of this rule, every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Pa.R.C.P. 1026(a).

Here, Cook argues that the court improperly struck her Answer to SugarHouse's New Matter where there was no evidence that SugarHouse suffered any prejudice from the late filing of her pleading. Cook also notes that because SugarHouse waited almost six months to file its motion to strike, this is proof that SugarHouse suffered no prejudice from the untimely filing.

---

[7] Cook's arguments in her appellate brief are confined solely to the court's determination that her NIED claims are preempted by the WCA and PHRC. Thus, we have confined our review to those claims.

To support her argument, Cook relies on **Allison v. Merris**, 493 A.2d 738 (Pa. Super. 1985), in which our Court reiterated:

> P[ennsylvania] R[ule of] C[ivil] P[rocedure] 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court."

**Id.** at 740 (citation omitted), citing **Paulish v. Bakaitis**, 275 A.2d 318, 321-22 (Pa. 1971). After **Allison** was decided, our Supreme Court clarified the standard to apply when a party has filed a late responsive pleading under Rule 1026. In **Peters Creek Sanitary Auth. v. Welch**, 681 A.2d 167 (Pa. 1996), the Court noted that while a trial court has broad discretion to grant a motion to strike due to the untimely filing of an opposing party's responsive pleading, our Court and the Commonwealth Court have disagreed over when the trial court actually abuses its discretion. Choosing to follow Superior Court precedent, the **Peters Creek** Court set forth the following standard when a party moves to strike a pleading: "the party who files the untimely pleading must demonstrate just cause for the delay. It is only **after a showing of just cause has been made** that the moving party needs to demonstrate that it has been prejudiced by the late pleading." **Id.** at 170 (emphasis added).

Here, we recognize that Cook filed her Answer to New Matter almost 6 months after SugarHouse filed its Answer and New Matter.[8] As noted, our Supreme Court in **Peters Creek** has unequivocally held that in situations where a party fails to meet a filing deadline, the proper standard to be applied is that a party who filed an untimely filing must first "demonstrate just cause for the delay," prior to any showing by the moving party that it suffered any prejudice by the late pleading. **Id.** Instantly, Cook gives no explanation for the more than five month delay in filing her Answer to New Matter. Accordingly, we need not assess whether Defendants were prejudiced by the delay. Cook has failed to meet her burden on the issue. **Peters Creek**, **supra**.

Therefore, the trial court properly struck Cook's Answer to New Matter as untimely and deemed all averments of fact admitted in SugarHouse's New Matter. **See** Pa.R.C.P. 1029(b)("[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication."); Pa.R.C.P. 1029(a) (responsive pleading shall admit or deny each "averment of fact in the preceding pleading or any part thereof to which it is responsive.").

---

[8] We note that Defendants' Answer and New Matter contained a Notice to Plead, requiring Cook to respond within 20 days or suffer judgment against her. **See** Pa.R.C.P. 1026(a) (providing that every pleading subsequent to complaint shall be filed within twenty days after service of preceding pleading, but no pleading need be filed unless preceding pleading contains notice to defend or is endorsed with notice to plead).

In her final issue, Cook asserts that the trial court improperly granted summary judgment on her NIED claims by concluding that the claims were preempted by the WCA and the PHRA. She claims that this case is an exception to the general rule of preemption where she avers that she endured sexual, racial and other harassment during her employment, causing her undue mental distress and rendering her unable to continue working at SugarHouse.

In Pennsylvania, the Workers' Compensation Act provides the exclusive remedy for employee work-related injuries. *See* 77 P.S. § 481(a). The legal immunity which is afforded to employers and their compensation insurers extends not only to acts of negligence, but also to claims based on intentional, wanton and willful misconduct. *Alston v. St. Paul Inc. Cos.*, 567 A.2d 663 (Pa. Super. 1989) (en banc). The WCA, however, has carved out an exception to the general rule promulgated in section 481 where an injury is inflicted by third persons as a result of non-employment related matters. *Id.* That exception, known as the "third-party attack" or "personal animus exception" is available only when the plaintiff can prove that the injury caused by the act of a third party intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment. *Id. See* 77 P.S. § 411(1); *Kohler v. McCrory Stores*, 615 A.2d 27 (Pa. 1992).

Here, Cook has not alleged any facts to support the personal animus exception or averred that her NIED claim is premised upon a non-work related

incident. ***See Krasevic v. Goodwill Indus. of Cent. Pa., Inc.***, 764 A.2d 561, 566-67 (Pa. Super. 2000) ("a presumption nonetheless remains that an attack is work-related when, as here, it occurs on the employer's premises, and that the lack of previous personal animus strongly indicates a work-related cause."). In fact, Cook alleges that SugarHouse's conduct that "allowed and tacitly promoted the continuation of McDevitt's sexually harassing behavior, compound[ed] the severity and insufferability of [Cook's] working condition and work environment," Plaintiff's Second Amended Complaint, at ¶ 36, and she was constructively discharged from her job at SugarHouse as a result of the events. ***Id.*** at ¶ 13.

Because Cook has not rebutted the presumption of exclusivity where her allegations are work-related, we agree with the trial court that Cook's remedy for her NEID/IIED[9] claims against SugarHouse is limited to that provided by the WCA.

---

[9] While Cook's second amended complaint appears to add a count for **negligent** infliction of emotional distress, the language of the count is clearly asserting a claim of **intentional** infliction of emotional distress. Negligent infliction of emotional distress, by definition, is inflicted *un*intentionally. **See** Restatement (Second) of Torts, 313. Here, her complaint lists the following under the NIED count heading:

> Defendants *intentionally* inflicted emotional distress upon [Cook] as a result of the following[.]

Plaintiff's Second Amended Complaint, at ¶ 45 (emphasis added). Moreover, Cook also alleges that Defendants' conduct was "**intentional, extreme, clearly outrageous, reckless, wantonly callous, and deliberate**, and demonstrate[s] the Defendants' failure to create a safe environment in which

In her final claim on appeal, Cook baldly asserts that the $5,000 award against Freeman "was unreasonably low, contrary to the evidence, and shocks the conscience." Appellant's Brief, at 31.

Here, the parties agreed on the facts of the case prior to the non-jury trial; this is known as a case submitted on stipulated facts. **See** Pa.R.C.P. 1038.1 ("A case may be submitted on stipulated facts for decision by a judge without a jury. The practice and procedure as far as practicable shall be in accordance with the rules governing a trial without jury."). **See Motorists Mut. Ins. Co. v. Pinkerton**, 830 A.2d 958 (Pa. 2003).[10]

Instantly, Cook has failed to include the notes of testimony from the parties' non-jury trial. Without them, our Court's ability to review this claim is hampered. **See** Pa.R.A.P. 1921, Note ("An appellate court may consider only the facts which have been duly certified in the record on appeal."); **Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) ("Simply put, if a document is not in the certified record, the Superior Court may not

---

[Cook] could work free of sexual harassment, physical threats and other offensive conduct." **Id.** at ¶ 46 (emphasis added).

Ironically, in her original complaint where she alleged **intentional** infliction of emotional distress, Cook used the same language, verbatim, to describe Defendants' conduct as she used in her second amended complaint to describe the count of **negligent** infliction of emotional distress. We also note that having found the alleged intentional acts committed by SugarHouse preempted by the WCA, a negligent infliction of emotional distress claim, which is comprised of lesser culpability, would certainly also be preempted.

[10] We note that the common law procedure of a "case stated" has been abolished. **See** Pa.R.C.P. 1038.2; **see also** Explanatory Comment to Pa.R.C.P. 1038.1 (1996).

consider it."). In addition to a deficient record, we also note that Cook does not dispute the agreed-upon facts. We conclude, therefore, that the trial court did not abuse its discretion in applying the law to the stated facts.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017